## JUNE TERM, 1866.     51

Brown vs. The La Crosse City Gas Light and Coke Company.

## BROWN VS. THE LA CROSSE CITY GAS LIGHT & COKE COM-PANY.

*JUROR not a citizen ; objection after verdict—Petition for mechanics' lien—PLEADING: insufficient denial of incorporation—EVIDENCE: acts of agent ; admissions of president of corporation—CHANGE OF VENUE : interest of judge.*

1. The objection that a juror in a civil case was not a citizen of the United States, taken after verdict, cannot be sustained by an affidavit on information and belief.

2. It is too late to take that objection after verdict, where no reason is shown for not taking it before.

3. A petition for a mechanics' lien need not be sworn to, and may be signed in the name of the petitioner by his attorney.

4. The complaint alleged that the defendant, by virtue of a certain statute, was incorporated under a certain name on a specified day ; and the answer, made in the name of the company, and verified by W. R. as its president, denied "knowledge or information sufficient to form a belief" as to said allegation. *Held*, that this must be treated as an admission.

5. The admission of oral evidence that A. B. was president of the corporation defendant, after that fact had been proved by the records, was not error.

6. The acts of one claiming to act as agent, bind the principal, if known to and not disapproved by him.

7. The admission of the president of a corporation that certain goods were purchased for and used by it, may be put in evidence in an action for the value of the goods.

8. The fact that the judge of the court in which an action is brought against a corporation, was one of its original corporators and directors, is no sufficient ground for a change of venue, if it does not appear that he had any interest in the company at or after the commencement of the action.

APPEAL from the Circuit Court for *La Crosse* County.

Action to enforce a lien for materials. The complaint avers that on, &c., the defendant was constituted a body politic and corporate (specifying the corporate name and act of incorporation) ; and that on the 8th of October, 1861, defendant "through William Brewster, who was the president of said company, and duly authorized," bought of plaintiff certain lead pipe and pig lead to be used, and the same were used, in the erection of the gas works of said company, situated on certain described parcels of land. It further avers demand and refusal of payment ;

the filing, in due time and form, of a claim of lien ; and that at the time of the purchase and delivery of said materials and of the filing of said claim, defendant was the owner of said gas works and the grounds on which they were situate. The answer denies Brewster's authority to make the purchase, and also denies any knowledge or information sufficient to form a belief of the facts alleged in the complaint except as to the ownership by defendant of the land on which the gas works were situate, at the time the goods were purchased, as to which there is no denial. It is verified by W. H. Rogers, as president of the defendant company.

When the cause was called for trial (in 1865), defendant moved for a change of venue, on the ground that the judge was "one of the original corporators, one of the original directors, and original treasurer of the company," introducing in evidence the records of the company in the years 1859–60 ; but the motion was denied, on the ground that it did not appear that the judge was in any manner interested in the company at or after the commencement of this action, and that "from his own knowledge he was not" so interested. Plaintiff put in evidence his petition for a lien, signed "W. S. Brown, by Montgomery & Tyler, his attorneys," which was objected to because not signed and sworn to by him. Objection overruled. Plaintiff then put in evidence the records of the company, from which it appeared that at the first meeting, in August, 1859, five directors were chosen, and certain by-laws adopted ; that these by-laws required the officers, president, secretary and treasurer, to be elected annually by ballot by the stockholders ; that after the adoption of the by-laws, "the board awarded the contract for building the 'works', and placing them in perfect running order, to Wm. Orrin Bokee ;" that on the 1st of May, 1860, at a meeting of the stockholders, five directors were "duly elected," of whom William Brewster was one ; that Mr. Brewster was also elected president for the year

ending May 1st, 1861; that at a special meeting held October 19, 1861, it was resolved that William Brewster, the president of the company, be authorized to pledge or hypothecate with certain persons in Milwaukee (not including the plaintiff) certain mortgage bonds of the company, &c., to secure the payment of any then past, present or future indebtedness of the company to those parties. The admission of this evidence was objected to on the ground that it did not appear, 1. That proper certificates were filed, as required by law, to complete the organization of said company. 2. Or that the directors were elected by ballot. 3. Or that the by-laws were adopted by the *directors* of the company. (Laws of 1858, ch. 93, secs. 2, 5, 6.) John M. Levy, who was a director of the company in 1859, and again in 1860, was asked, as a witness for plaintiff,. " Who was president of the company?" An objection on the ground that the fact should be shown by the record, was overruled; and the witness answered, " William Brewster was president." *Question*: " Did Mr. Brewster act as general agent of the company during 1861 and 1862?" An objection on the ground that Brewster's authority could be shown only by the records, or by showing that the company had no records, was overruled. *Answer*: " He did." *Question*: " Were the materials purchased by Brewster received by the company?" An objection to the question as irrelevant, was overruled. *Answer*: " I do not know; but it was known to the company that he made the purchase." On cross examination, the witness testified that Brewster was authorized, by resolution, to purchase all materials, but that he (witness) did not recollect ever *seeing* any such resolution, nor did he remember positively where the meeting was held at which it was passed. A clerk of the plaintiff testified that he sold the goods in question for him to Brewster, and shipped them, at the time alleged in the complaint, and Brewster said they were for the company. Another witness for plaintiff testified that he worked at the gas works

of the defendant, and saw some lead pipe there in the summer of 1861, but did not know where it came from, nor what was done with it. One of plaintiff's attorneys testified that in the spring of 1862 he presented the claim in suit to Brewster, who said that it was all right, and that the materials had been used in the works. This admission was received in evidence against defendant's objection.

A motion for a nonsuit was denied. The court instructed the jury, that the answer was not sufficient to put the plaintiff on proof of the existence of the corporation; and that if Brewster purchased the materials for and in the name of the company, and the company received them and used them in constructing its works, this would constitute a ratification of his acts.

Verdict for the plaintiff; motion for a new trial (on the grounds set forth in the opinion, *infra*), denied; and from this order the defendant appealed.

*Stogdill & Daniels*, and *Hugh Cameron*, for appellant, urged the following among other points: 1. The directors alone are authorized under the statute (sec. 5, ch. 93, Laws of 1858), to manage and conduct the property and affairs of the company, and they alone could make Brewster an agent to purchase materials. The corporators could not appoint him such an agent, and therefore the receipt of materials by the company could not be a ratification of his acts. *McCullough v. Moss*, 5 Denio, 575; Ang. & A. on Corp., 121–23, 151–64. 2. The company's business must be transacted at the meetings of the board, which are to be held at the company's office (sec. 6 of the statute: By-Laws, Art. III, sec. 2); and to constitute a ratification of Brewster's purchase, the materials must have been received and accepted by the board at their place of doing business (5 Denio, 577; *Livingston v. Lynch*, 4 Johns. Ch., 596–97); and even that would be insufficient without a previous appointment. 3. The record shows that the entire contract for build-

ing and fitting up the gas works, and putting them in perfect running order, was awarded to Mr. Bokee; and it does not show that Brewster was ever authorized by the board to purchase materials, or that his purchase was ratified by it. Mr. Levy's vague testimony does not show when or where the meeting of the board was held, at which the authority claimed was given. 4. Brewster's admissions were improperly received. The admissions of an agent cannot bind his principal, unless made by him while acting within the scope of his authority, and at the time of the transaction, so as to form a part of the *res gestœ.* 1 Phillips' Ev., 99–102 ; 1 Greenl. Ev., §§ 113, 114 ; *Thallhimer v. Brinckerhoff,* 4 Wend., 397 ; Cowen's Treat., § 1403. As president, Brewster had no right to make the purchase ; and what he said or did in relation to it at any other time, or even at the time of the purchase, could not be admitted in evidence against the company.—Counsel also insisted up-all the objections assigned as grounds for a new trial.

*Montgomery & Wing,* for respondent, contended, among other things : 1. That although alienage is a ground for challenge, yet after verdict the objection is held to be waived in civil actions, citing *Hollingsworth v. Duane,* 4 Dal., 353 ; *King v. Sutton,* 15 E. C. L., 252 ; 2 Gra. & Wat. on N. T., 277–81. 2. The testimony as to Brewster's admissions was properly received, because it was already in proof that he was president and managing agent of the company, and was authorized as such agent to make the purchase both by previous express authority and by subsequent ratification ; and that he was still president and managing agent when the admissions were made. Story on Agency, § 138 ; 30 N. Y., 83 ; *Peyton v. St. Thomas's Hosp.,* 3 C. & P., 363 (14 Eng. C. L., 349).

DOWNER, J. The appeal in this case is from the order of the circuit court denying a motion for a new trial. The reasons urged for the new trial, and the errors here assigned, are

in substance the same, and as follows : 1. That Esperson, one of the jurors, was not a citizen of the United States. 2. That the petition of the plaintiff for a lien was erroneously admitted in evidence, because it was not signed and sworn to. 3. That the records of the defendant were improperly admitted as evidence, because its existence as a corporation was not first proved. 4. That parol proof was erroneously admitted to show who was the president of the company, and that he acted as agent of the company, when the records were the best evidence. 5. That there was error in receiving the admissions of the president of the company as to the purchase of the goods for, and that they were used by, the company. 6. That there was no proof that the company, at the time the materials were furnished, owned the gas works mentioned in the petition. 7. That the circuit court erred in not awarding a change of venue. 8. That the verdict is against law and evidence.

I. As to the first point, there is no proof that the juror Esperson was not a citizen of the United States. The affidavit of W. H. Stogdill, in which statements are made only on *information and belief*, after verdict, cannot be regarded as proof of the truth of such statements. But if the proof had been ample, the objection came to late after verdict, being then made for the first time without showing any reason why it was not made before.

II. The statute does not require the petition to be sworn to ; and it was signed in the name of the plaintiff by his attorney. That was sufficient.

III. The answer to that part of the complaint alleging the incorporation of the defendant, merely " denies that he has any knowledge or information thereof sufficient to form a belief." This is no sufficient denial. The officers of a corporation, and especially its president, who verified the answer, must know or have information and belief whether it has an existence or not.

The circuit court rightly considered the allegation thus attempted to be denied as admitted.

IV. There could be no error in proving by parol that Brewster was president of the company, as the same fact was first proved by the records of the corporation. As to his agency, it was in part proved also by the records; and it is proper at all times to prove the acts of an agent, when a knowledge of those acts, as in this case, is traced home to his principals, or the board of directors, and they did not disapprove thereof.

V. The authorities cited by the respondent show that the admissions of Brewster were properly received.

VI. As to the ownership of the land and gas works, the complaint alleges they belonged, at the time the debt was contracted, to the defendant; and this is not denied.

VII. The motion for a change of venue, because the judge was one of the original corporators and directors, was rightly denied, it not appearing that the judge was then, or had been during the pendency of the action, any way interested in or connected with the company; and he himself stated he had no interest in the company.

VIII. The eighth point is untenable. All the evidence does not appear to be before us; but there is sufficient to sustain the verdict.

*By the Court.*—Order of the circuit court affirmed.