WHITE and another vs. DUMPKE and others.

MECHANIC'S LIEN. *(1) Form of petition. (2, 3) Signing of petition. (4) Counterclaim or defense ? (5) Taking debtor's note no waiver of lien.*

1. A petition for a mechanic's lien commenced: "Circuit Court, Manitowoc county. ' Charles W. White and Andrew Bertler, plaintiff, vs. A. F. Dumpke, defendant. The petition of Charles W. White and Andrew Bertler shows unto this court," etc. *Held*, that the fact that the petition was entitled as in an action commenced, is immaterial; and that the petition sufficiently appears to be *addressed to the court.*

2. The statute does not require such a petition .to be *signed;* but probably enough must appear upon its face to show that it was made and filed by authority of the parties who seek to avail themselves of it.

3. The petition here claimed the right of lien for Charles W. White and Andrew Bertler as partners in business, and was signed by the former. *Held*, sufficient.

4. In an action to enforce a mechanic's lien, an answer that plaintiffs settled with defendant and took his note for the balance due, payable one year after date, and thereby waived their lien, does not state a counterclaim, or require a reply to put such averment in issue.

5. In this state, the taking of a debtor's promissory note for the amount of the debt merely suspends the creditor's right of action on the original debt until the note becomes due; and sec. 5, ch. 113 of 1859 (Tay. Stats., 1764, § 10), expressly provides that the taking of such a note by a mechanic or material man shall not be deemed a waiver of his right to perfect his lien.

APPEAL from the Circuit Court for *Manitowoc* County. Plaintiffs appealed from so much of a judgment herein, otherwise in their favor, as. denied them a lien upon certain

premises belonging to the defendant *Dumpke*. The case is stated in the opinion.

For the appellants, there was a brief by *White & Forrest*, and oral argument by *G. A. Forrest.*

For the respondents, there was a brief signed by *J. D. Mark-ham* as attorney for the defendant *Dumpke*, and by *Nash & Schmitz* as attorneys for the defendant *The First National Bank of Manitowoc;* and there was also oral argument by *Mr. Markham.*

TAYLOR, J. This is an action to enforce a mechanic's lien; and the only question to be determined on this appeal is, whether the plaintiffs had filed a sufficient petition for a lien under the provisions of sec. 5, ch. 153, R. S. 1858, to entitle them to enforce their claim of lien against the premises of the defendant *Dumpke.*

The evidence shows that within six months after furnishing the materials for the value of which the lien is claimed, the plaintiffs filed in the office of the clerk of the circuit court of Manitowoc county, being the county in which the premises are situated, a petition which was offered in evidence on the trial. The only objections made to the sufficiency of the petition are, that it was not properly signed, and was not addressed to the court. In all other respects it is conceded to be sufficiently formal.

The petition commenced as follows: "Circuit Court, Manitowoc County. Charles W. White and Andrew Bertler, Plaintiffs, vs. A. F. Dumpke, Defendant. The petition of *Charles W. White* and *Andrew Bertler* shows unto this court," etc. If it be necessary under the statute that the petition should be addressed to the court, certainly the above extract from its commencement shows that it was so addressed. The fact that it was entitled as in an action commenced in a court, was immaterial. It would have been sufficient in this respect, whether entitled or not, if it showed, anywhere in the body of it, who the parties were who claimed the benefit of the lien,

and the person or persons on whose account the materials were furnished.

The objection that the petition was not properly signed, is founded upon the fact that the petition, in the body of it, shows that *Charles W. White* and *Andrew Bertler* were partners in business, and that as such partners they furnished the materials to the defendant *Dumpke*, who was the owner of the premises against which the lien is claimed; and it is signed by *Charles W. White* alone. The object of the statute which requires the filing of a petition for a lien within a limited period after the work is done or materials furnished for which the lien is claimed, is to give notice to parties dealing with the owner of the premises, of the existence of the claim for a lien. The statute does not declare that the petition must be signed by any one. It is probable, however, that there must enough appear on the face of the petition to show that it has been made and filed by the authority of the parties who seek to avail themselves of its benefits. This court held in *Brown v. The La Crosse Gas Light Co.*, 21 Wis., 51, that such fact sufficiently appeared if the same was signed by an attorney or agent for the parties claiming such benefits. In the case at bar, the petition claimed the right of lien in behalf of *Charles W. White* and *Andrew Bertler* as partners in business, and was signed by *Charles W. White*, one of the partners. This signing, we think, is abundantly sufficient to show that the petition was filed by the firm and for their benefit, and not by a stranger to the claimants. The petition shows that the materials were furnished by the plaintiffs as copartners, and that the money due for the same was due to the partnership, and not to the individual partner whose name was signed to the petition. It is clear that the petition might be made and filed by either of the partners in the name of the firm, in the absence of the other, and without his knowledge. Each partner is the agent of the firm for the transaction of all matters pertaining to its ordinary business and affairs. And as all contracts, not under seal, made in the name of a firm in relation to matters pertaining to the partnership business, although

executed or signed by a single partner, bind the firm, and may be enforced against it, there does not appear to be any good reason for holding that a petition under the lien law, made in the name of the firm and for its benefit, should not be held to be sufficiently signed when signed by one of the partners only. In such case it must be presumed that the petition was filed by and for the benefit of the firm; and that is all that is required to meet the provisions of the statute.

It was stated in the argument, that the claimants, after the materials were furnished, settled with the defendant *Dumpke* and took his note for the balance due, payable one year after date, and that the plaintiffs thereby waived their lien. There was, however, no proof of this allegation on the trial, and it cannot therefore avail the defendants. The answers of the defendants were not counterclaims, and did not, therefore, call for a reply on the part of the plaintiffs. The defensive allegations in the answers, to be of any avail to the defendants, must be proved. The evidence on the trial showed that the plaintiffs took the note of the defendant *Dumpke* for the amount due, payable in three months after date, and that the suit to enforce the lien was not commenced until after such note became due. It is unnecessary to cite the decisions of this court to show that it is firmly settled in this state, that the taking of the promissory note of a debtor for the amount of the debt due, does not pay the original debt, but simply suspends the creditor's right of action thereon until the note becomes due. In addition to this well established rule, the statute on the subject of mechanics' liens expressly provides that "the taking of a promissory note or other evidence of indebtedness for work and labor or materials furnished, shall not be deemed to waive the right of the party taking the same to prosecute and perfect his lien in the manner provided by law." Sec. 5, ch. 113, Laws of 1859; Tay. Stats., 1764, § 10.

We think the plaintiffs made out a clear case entitling them to a lien upon the premises described in the complaint, for the amount of their claim against all the defendants, and that the court erred in disallowing such claim.

*By the Court.* — That part of the judgment of the circuit court appealed from is reversed, and the cause remanded with directions to enter judgment in favor of the plaintiffs, establishing their lien and for the enforcement thereof, as prayed for in their complaint.