Blackford, J.
This was an action of debt brought by Pollard, assignee, &c., on a sealed note for the payment of money.
Three pleas: 1, Actio non. The note was given in consideration, that the payees would assign to the defendant certain certificates for three tracts of land, each tract containing eighty acres. Averment, that the tracts of land did not contain eighty acres each, &c. Wherefore, &c. 2, Actio non. The consideration of the note was as stated in the first plea. Averment, that the payees did not assign the certificates for the tracts of land containing eighty acres each. Wherefore, &c. 3, As to $400 part, &c., no consideration as to that part.
The replications to the first and second pleas are not set out in the transcript. Replication to the third plea, that the note was not made without consideration.
On the trial, the defendant asked a witness, the county surveyor, what number of acres each of the tracts of land mentioned in the plea contained. The question was objected to and the objection sustained.
Verdict and judgment for the plaintiff.
We think the question asked the witness on the trial, as to the number of acres contained in the tracts of land, ought to have been answered. If the tracts do not contain the number of acres which the vendors represented them to contain, the defendant is entitled to an abatement out of the *purhase-money for so much as the quantity falls short of the representation. 1 Sugd. Vend., 383; Hill v. Buckley, 17 Ves., 394. The verdict and judgment are therefore erroneous.
it is proper to notice, that the first plea professes to answer the whole cause of action, and is only an answer to a part. It may therefore be demurred to generally.
W. Wright, for the plaintiff.
C. B. Smith, for the defendant.
The second plea tenders an informal issue, and may therefore be specially demurred to. The traverse in that plea, that the vendors had not assigned the certificates for tracts of land containing eighty acres each, is too large. The plea is a negative ‘pregnant. It implies that the certificates for the tracts con-,. taining less than eighty acres each had been assigned; and that implication destroys the effect of the plea as a bar to the whole cause of action.
The replication to the third plea is also objectionable. The circumstance that this plea is only pleaded to a part of the cause of action, seems to have been overlooked by the plaintiff.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.