Thumb agt. Walrath.

---

## SUPREME COURT.

### THUMB agt. WALRATH.

An answer, commencing as an answer to the whole complaint, and assuming to answer the whole, but containing facts which only constitute a defence to a part of the complaint, is bad, on demurrer.

*Montgomery Special Term, June* 1851. The complaint is ejectment for a piece of land, described by metes and bounds, containing thirty-two acres; being the same lot purchased by the plaintiff of Adam I. Walrath.

The second defence set up in the answer is to the whole complaint, that at the time the plaintiff purchased of Adam I. Walrath the defendant was in possession of three and a half acres of the premises, being parcel of the premises mentioned in the complaint,

as tenant at will under said A. I. W., and that before he, the plaintiff, so purchased, the defendant had sowed the said three and a half acres with wheat and rye, and that said grain was not, at the commencement of this suit, fit to harvest, but still remained growing. That the plaintiff, when he purchased, well knew said fact.

The plaintiff demurs to the second defence, assigning for cause, that it does not state facts enough to constitute a defence; and, amongst other things, that the defendant does not state that he has received notice to quit, &c.

H. Baker, *for the Defendant.*

J. A. Spencer, *for the Plaintiff.*

Willard, Justice.—The second defence in this action, or, as we should call it in former times, the second *plea*, commences as an answer to the whole complaint, and assumes to answer the whole, by showing that the defendant was rightfully in the possession of three and a half acres, parcel of the thirty-two acres of land, to recover which the action was brought. This is no answer to the whole action, and consequently upon well settled rules of pleading, the answer demurred to is bad (1 *Chitty Pl.* 510; 1 *Saund.* 28, *n.* 3; Cooper vs. Embry, 1 *Wen.* 347; Root vs. Woodruff, 6 *Hill*, 421). It does not help the matter that the defendant has put in a complete answer to the whole complaint in his first defence. The two answers must each stand by itself, and one can not aid the other. The defendant should have interposed an appropriate answer as to all but the three and a half acres; and, as to that part of the premises, set out his defence. If it be granted that a tenant at will, who has put in a crop, is entitled to retain possession until the time of harvesting the crop has arrived, it by no means follows that he is entitled to retain the possession of the whole farm. It is enough that he has the necessary egress and regress to protect the crop while growing, and to take it off when it has come to maturity (see 4 *Kent Com. III*). The demurrer is well taken to the second defence, but the defendant is entitled to amend on payment of $22 costs.