# SUPREME COURT.

## DENNISON agt. DENNISON.

By section 149 of the Code, a defendant can not answer the allegations in the complaint both by a *general and specific* denial. He must elect which mode of answering he will pursue, and having elected, he will be bound by it.

Where, in an answer, a specific denial of the allegations in the complaint follow a general denial of the same, the remedy is, to move to strike out the specific denial as *redundant.*

Where the facts upon which an allegation, by defendant, of defect of parties is founded, appear on the face of the complaint, the defendant should *demur*— not answer. (*Code*, § 144.)

*Costs of a motion* rest in the discretion of the justice who hears the motion; and the court, on appeal, ought not to interfere with his decision thereon. Indeed, an appeal can not be brought on a mere question of costs, because the merits are not involved; and the court should not consider that question when brought up collaterally with questions which are appealable.

*Sixth District General Term, Jan.* 1854. This is an appeal from an order made at special term held by Justice CRIPPEN, at Cortland, in July, 1853. The plaintiff made a motion to strike

out certain portions of the amended answer to the complaint, on the ground of redundancy, &c., which motion was granted, with $10 costs. Defendant appeals.

H. BENNETT, *for Appellant.*

H. O. SOUTHWORTH, *for Respondent.*

By the Court—SHANKLAND, Justice. The defendant com-mences his answer by a general denial of each and every alle-gation in the complaint; and then goes on to deny specifically nearly all of the allegations in detail. This he is not authorized to do by the Code. Section 149 allows a defendant to elect whether he will answer by a general, or a specific denial, and having elected, he is bound by it. He cannot answer in both modes. The general denial puts in issue every allegation of the complaint as fully as the specific denial could. The spe-cific denials were unnecessary, and therefore redundant. The learned justice did right in striking out those specific de-nials.

It is now said, that it was erroneous to strike out those por-tions of the answer in which the defendant insists that John Doolittle and the wife of the plaintiff should have been made parties to the action. But as the facts on which the allegation of defect of parties is founded, appear on the face of the com-plaint, the defendant should have demurred. Section 144, sub. 4, authorizes a demurrer, where a defect of parties appears upon the face of the complaint; and section 147 allows the objec-tion to be taken by the answer, when it does not appear on the face of the complaint. The inference is plain, that the objec-tion cannot be taken in the answer, when it can be made avail-able by demurrer. There was no error, therefore, in striking out those allegations.

The only mode of clearing the record of the objectionable matters contained in this answer, is by motion. It could not be got rid of by demurrer, for two reasons. First. A demurrer will not lie to an answer, unless it sets up a counter-claim. (*Code,* § 153, 8 *How. Pr. R.* 234, 8 *How.* 9.) Second. The matters contained in the answer, if true, constitute a good de-

fence, if they had not been preceded by a general denial, which rendered the specific denial redundant, as before mentioned. The objection, that the plaintiff should have demurred to the answer, cannot be sustained.

It is said, that the court erred in giving costs to the plaintiff on motion, because the motion was granted only in part and denied in part. But we are of opinion that costs of the motion rested in the discretion of the justice who heard the motion, and that we ought not to interfere with his discretion on that question, on this appeal. Costs, on motions, are declared to be in the discretion of the court, not exceeding $10. (§ 315.) Indeed, there is no appeal provided in the Code from such an order as this granting costs, inasmuch as the order does not involve the merits of the action or affect a substantial right. (*Code*, § 349.)

The order appealed from is affirmed, with $10 costs.