HATHAWAY VS. BALDWIN and another, impleaded &c.

After the expiration of the time to answer in a foreclosure suit, persons made defendants on the ground that they claimed an interest subsequent to the mortgage, asked leave to file an answer to the effect that they had no knowledge or information sufficient to form a belief as to the execution and record of the mortgage; and that at the time their interest was acquired, they had no actual knowledge, information or notice of the existence of such mortgage. The complain alleged that the mortgage was duly recorded some time before the day on which these defendants claimed in the answer to have acquired their interest. *Held*, that the motion was properly denied on the ground that the answer was insufficient.

If the proposed answer had been filed in season, it should have been stricken out as sham.

If a defendant in such a case relies upon special circumstances showing that the record is not to be regarded as notice, he should plead them.

APPEAL from the Circuit Court for *St. Croix* County.

*Hathaway* brought his action to foreclose a mortgage executed to one Pingree by *Henry H. Boody* and *Gould Jewell* and their wives, and alleged to have been recorded September 19, 1856. The complaint alleges that the mortgage was executed to secure certain notes given by the mortgagors to the mortgagee, and that the notes and mortgage had been duly assigned and transferred to the plaintiff. *David H. Baldwin* and *Pamelia Baldwin* were made defendants as claiming an interest in the land subsequent to the lien of the mortgage. After the time to answer had expired, their attorney applied for leave to file an answer, upon an affidavit excusing the default. The proposed answer alleged that said defendants, for a valuable consideration, acquired title to certain portions of the mortgaged premises in September, 1858, and that at that time they had " no actual knowledge, information or notice of the existence of the mortgage" described in the complaint. It also stated that said defendants had " no knowledge or information sufficient to form a belief" in respect to those allegations of the complaint which related to the execution and record of said mortgage, the making of the notes secured thereby, their ownership, the assignment of the mortgage, &c. The

application for leave to file the answer was denied; and from this decision the defendants appealed.

*Dawson & Clapp,* for appellants :

The allegations of the complaint as to the making of the notes, their ownership, the execution of the mortgage, the due recording thereof, its assignment, and the amount due on the notes, were properly put in issue by the answer. *St. Marks Ins. Co. v. Harris,* 13 How. Pr. R., 95 ; id., 112 ; 4 id., 339, 349 ; *Parshall v. Tillou,* 13 id., 7 ; 1 Johns. Ch., 193 ; 3 id., 297 ; 1 Paige, 404 ; 3 id., 103, 210, 606 ; 11 id., 235. The defendant is not obliged to deny positively any allegation of the complaint, unless he has in fact knowledge or information thereof, or the law presumes such knowledge. *Thorn v. N. Y. Central Mills,* 10 How. Pr. R., 20 ; *Shearman v. Same,* 1 Abb., 187 ; *Radway v. Mather,* 5 Sandf., 654 ; *Edwards v. Lent,* 8 How. Pr. R., 28 ; *Hackett v. Ricketts,* 11 Leg. Obs., 315 ; *Kinkaid v. Kipp,* 11 id., 315 ; *Genesee Mut. Ins. Co. v. Moynihen,* 5 How. Pr. R., 321 ; *Sherman v. Bushnell,* 7 id., 171 ; *Snyder v. White,* 6 id., 321 ; id., 329 ; 14 Barb., 393 ; *Wesson v. Judd,* 1 Abb., 254.

*Humphrey & Wilson,* for respondent.

*By the Court,* DIXON, C. J. The circuit judge denied the application on the ground that the proposed answer is insufficient. We fully agree with him in this conclusion. The answer is palpably evasive, and if it had been put in in the regular course of pleading, should have been stricken out as sham. The defendants had constructive notice of the mortgage— the same means of information upon which business of the greatest importance is every day transacted. The mortgage was recorded, and nothing is more common than for people to examine and rely upon such records. The defendants had but to consult the records which contain the evidence of their own title, in order to be informed, and it would be trifling with the statute to permit parties so situated to answer that they have *no knowledge or information sufficient to form a belief whether*

*there was such mortgage.* Such an answer, coming from the pur-chaser of the equity of redemption long after the mortgage was recorded, seems almost absurd. The record, open to every one, is provided for the purpose of giving just such in-formation, and its correctness and authenticity are presumed. Hence no person interested can plead ignorance of it. All are supposed to consult it, and to avail themselves of the means of knowledge thus afforded, so far as their own property and titles are concerned. If the defendants had done so, they could hardly have affirmed a want of sufficient knowledge or information to form a belief. That they did not, is their own neglect. If there were special circumstances showing that the record is not to be regarded as notice, as that it or the mort-gage was forged, the defendants should have plead them. As it is, the answer is not a denial of the complaint, and the ap-plication was properly refused.

Order affirmed.