666    SUPREME COURT OF WISCONSIN,

City of Milwaukee vs. O'Sullivan, impleaded with others.

CITY OF MILWAUKEE VS. O'SULLIVAN, impleaded with others.

*Pleading — Injunction to restrain suit, and require several claimants of funds to interplead.*

1. The plaintiff city alleged that its common council, on, etc., allowed the estate of one Haney, deceased, the sum of $322 for work done by him; that said sum was claimed by divers persons named, as his partners, assignees or legal representatives; and that a suit therefor had been commenced by one O'S. as assignee of said Haney claim; and prayed that plaintiff be allowed to pay said $322 into court; that said claimants be required to interplead each other; and that said O'S. be enjoined from proceeding in his suit against the city, etc. The complaint was verified by the city clerk, and thereupon an injunction was granted against O'S. as prayed. O'S. answered that the Haney claim was for the sum of $562, and that $434 thereof had been assigned to him, and his suit against the city was for that amount, etc. *Held,* that the injunction against him should not have been dissolved on this answer, but should at most only have been modified so as to allow him to proceed in his action for the excess of his demand over $322, on his stipulating to abandon in that suit all claim for the $322 admitted in this action to be due on the Haney claim.

2. The answer of O'S. alleged only *upon information and belief* that the common council allowed the Haney claim at the sum of $562. DIXON, C. J., is of opinion:

(1.) That such an answer was not sufficient to raise an issue, the proceedings of the council being a matter of public record.

(2.) That at least the answer was not such as to justify any modification of the injunction, the averments of the complaint as to the amount allowed being direct and positive, and made upon the knowledge of the person who verifies the same.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff city brought its action against *O' Sullivan,* together with one Quinlan, administrator of the estate of William Haney, deceased, James McGrath, surviving partner of said William Haney, and two other persons. The complaint avers, that prior to March 23d, 1868, and

during the life-time of said Haney, he claimed that plaintiff was indebted to him for work done for and materials furnished to the plaintiff; that on said 23d of March, and after Haney's decease, the common council of the city, by resolution, allowed his estate $322.12, as the balance then due on said demand; that no part of said sum has been paid; that Quinlan, who has been duly appointed administrator of said estate, claims said sum of $322.12, as assets of the estate, and has demanded payment thereof to himself; that McGrath claims to have been a partner of Haney in doing the work and furnishing the material for which such claim was made, and demands payment to himself, as surviving partner, of said $322.12; that the defendant Judd claims $94, and defendant *McVickar* $298.62 out of said sum, and defendant *O'Sullivan* the whole amount thereof, under assignments alleged to have been made to them respectively by Haney in his life-time; that on the 7th of December, 1868, *O'Sullivan* commenced a suit at law against plaintiff in said court, for the recovery of said sum of money, which suit is still pending; that plaintiff is ignorant of the respective rights of said defendants, and has always been and is ready and willing to pay over and deliver said sum of $322.12 to such person as the court may direct, and now offers to pay the same into court, etc. It is further averred that this action is not brought by collusion with the defendants, or either of them. The judgment demanded is, that defendants be required to interplead; that plaintiff be allowed to pay said moneys into court, and a person be appointed to receive it, and plaintiff be thereupon discharged of all liability to defendants; that defendants be restrained from instituting proceedings against plaintiff in relation to said money; that *O'Sullivan*, his agents, etc., be restrained from further prosecuting his said action at law; and that plaintiff may be paid the costs of that action and of this, etc.

The complaint was verified by the city clerk, who

stated that his knowledge and belief as to the matters alleged were derived from the proceedings of the common council of the plaintiff city, and the papers and records on file in the city clerk's office, and from statements made by the defendants, or some of them, and from his relations to the parties as such clerk. Upon the complaint, an injunctional order against *O' Sullivan* and the other defendants, as demanded, was granted by a court commissioner.

*O' Sullivan* answered, denying that the common council of said city had at any time adopted a resolution allowing the estate of William Haney a balance constituting the sum of $322.12, and alleging, on the contrary, upon information and belief, that said common council "allowed the claim of and an indebtedness to said William Haney, at the sum of $562.62;" that of said sum said Haney, "during the months of May and June, 1865, for value, duly assigned to said defendant the sum of $434,84, " due notice of which was communicated in writing to the plaintiff; that "said assignment was made prior to the inception of, has priority and is paramount to, any of the pretended claims upon the aforesaid allowance; of all which the plaintiff had notice and knowledge a long time prior to the commencement of this action;" that the action of *O' Sullivan* mentioned in the complaint was brought to recover said sum of $434.84, with interest, and that the city, after due service of summons and complaint therein, had, on the 27t'h of December previous, demurred to the complaint, and thereafter served a notice of trial of the issue thus raised. Said defendant therefore demands a judgment dismissing the complaint herein, etc.

The defendant Judd answered, setting up an order for $84.86, given him by said Haney, addressed to the city clerk, dated May 29, 1866. The defendant McGrath answered, alleging that the claim allowed said Haney by the city was one for work due and materials furnished by himself and Haney as copartners, denying the right

of Haney to assign the same or any part thereof, and claiming the whole sum as partnership assets. The defendant Quinlan answered, claiming said sum as assets of Haney's estate.

The court made an order (1) vacating the injunctional order previously granted, so far as it restrained proceedings in the suit of *O'Sullivan*, and (2) staying all proceedings in the present action until said action of *O'Sullivan* against the city should be determined. From the former part of this order, plaintiff appealed.

*D. G. Hooker*, for appellant, argued, that plaintiff had stated facts entitling it to the injunctional order (R. S., ch. 129, sec. 2); that a complete determination of the questions in controversy could not be made, except in a suit where all of the parties should be before the court (R. S., ch. 122, sec. 19); and that the injunction should have been modified only to the extent of permitting *O'Sullivan* to litigate in his action the excess claimed by him over the amount conceded by the city to be due. *City Bank v. Bangs*, 2 Paige, 570.

*J. V. V. Platto*, for respondent:

1. It is only when no other question than the right of property is to be litigated, that an interpleader can be allowed. 2 Story's Eq. Jur. (5th ed.), § 806, note 1, and §§ 807, 808; Adam's Eq. 202; 1 Whittaker's Pr. 208–211; *Mitchell v. Hayne*, 2 Simons & Stuart (1 Eng. Ch.), 63, 64, and note 1; *Diplock v. Hammond*, 27 Eng. L. & E. 202; 7 Sim. (8 Eng. Ch.) 384; *Thomson v. Ebbets*, 1 Hopk. 272; *Oppenheim v. Wolf*, 3 Sandf. Ch. 571, 574; 1 Abb. Pr. 256, 260; 19 id. 24; 8 How. Pr. 45, 425; 15 id. 258; 1 E. D. Smith, 665; 1 Cow. 703; 1 Craig & Phil. (18 Eng. Ch.) 197. 2. It is clear from the complaint and the answer of *O'Sullivan*, that the matters involved cannot be settled in a single suit. It is of the essence of the interpleader that the whole matter be so settled. Tiff. & Sm. Pr. 412–414; 1 Hare (23 Eng. Ch.) 436, 441; 1 Craig & Phil. (18 Eng. Ch.) 185; 9 Bosw. 656, 659. 3. The

proper remedy for the city · was to have caused the parties here made co-defendants with *O'Sullivan*, to be made co-defendants with itself in the action brought by *O'Sullivan*, and then *all* the matters in issue here, including the *amount* of the fund, would have been finally settled. , R. S., ch. 122, sec. 19 ; Laws of 1862, ch. 62. 4. The remedy of interpleader is abolished by sec. 22, ch. 122, R. S. (Sedgw. on Stat. and Con. Law, 54–57), and a substitute prescribed ; but plaintiff has no remedy under that section, because it has a dispute involving the *amount* of the "debt or property."

Dixon, C. J.    It seems to me that the answer of the defendant *O'Sullivan* is informal and bad in substance, and raises no issue as to the sum allowed to the estate of William Haney, deceased, by resolution of the common council.    The complaint alleges the claim to have been allowed at $322.12, and admits that sum to be due.    The defendant denies this, and, "on the contrary, alleges, upon information and belief, that the common council allowed the claim" at $562.62.    The denial that the sum of $322.12 was allowed as charged in the complaint is immaterial, as it is obvious that the defendant does not intend to controvert an allowance of at least that sum. The material question arises upon the other allegation of the answer.    The allowance by the common council, as alleged in the complaint, is matter of public record. The proceedings of the council, which is a public legislative body, are recorded, and the records open to the inspection of all persons.    No person directly interested, as the defendant is, ought to be allowed to plead ignorance of its proceedings, unless under special circumstances, to be stated in the pleading. · The contents of the record should be matter of positive knowledge with every such person, and should be so pleaded.    He is bound to take notice of the record, and presumed to know its contents, unless the contrary be shown, and sufficient excuses

given. It seems to me, therefore, that this pleading is not distinguishable from that in *Hathaway v. Baldwin*, 17 Wis. 616, which was condemned by this court. The allegation upon information and belief, of matter which ought to be positively averred, I think is bad. It is more: it is frivolous and evasive. See also *Mills v. The Town of Jefferson*, 20 Wis. 50.

But, supposing I am wrong in this, and the answer to be sufficient to raise an issue as to the sum allowed, it is still insufficient to authorize a dissolution of the injunction, according to the rule as laid down in *Smith v. The City of Appleton*, 19 Wis. 468. The complaint, which is verified, charges the allowance at $322.12 as upon the knowledge of the person, the city clerk, who makes the verification. It is direct and positive. The answer should be equally direct and positive in order to justify a dissolution of the injunction granted upon such a complaint, or there should be other positive proof.

The foregoing are to be taken as my own views only, the points not having been considered in consultation. I have seen fit to state them, because I consider them fully as safe, if not safer, grounds upon which to rest the decision than that there considered. The point there determined was, that the order of the court below was erroneous because it dissolved the injunction entirely, and stayed proceedings in this action until after the action of the defendant against the city should be tried. The injunction, at most, should only have been modified so as to have allowed the defendant to proceed in his action at law against the city to recover the sum claimed by him in excess of that admitted by the city to be due in this suit. He might be permitted to proceed at law to establish his right to such excess, on his stipulating to abandon, in that suit, all claim to the debt, to the extent of the sum conceded to be due in this. Such was the order of the chancellor in a similar case (*City Bank*

*v. Bangs*, 2 Paige, 570); and we think it was the proper one to have been made here.

*By the Court.*— The order is reversed, and the cause remanded for further proceedings according to law.