## COLLART vs. FISK, imp.

FORECLOSURE: PLEADING. (1) *Answer, denial of knowledge or information.* SUPREME COURT. (2) *Brief on motion for rehearing must be printed.*

1. One made defendant in foreclosure of a recorded mortgage, under a general averment that he had or claimed some interest in the land which was subsequent and subject to plaintiff's mortgage, answered

Collart vs. Fisk, impleaded.

denying knowledge or information sufficient to form a belief of any averment of the complaint except that he had or claimed an interest in the land, without alleging that such interest was prior or paramount to said mortgage. *Held,*

(1) That while this does not put in issue the execution or recording of plaintiff's mortgage, it is yet a good traverse, since it sufficiently denies that any sum was due thereon at the commencement of the action.

(2) That it must be understood as admitting defendant's interest to be subject to plaintiff's mortgage.

2. This court must enforce its first rule of July 2d, 1875, requiring briefs on motions for a rehearing to be *printed.*

APPEAL from the Circuit Court for *Brown* County.

The action is to foreclose a mortgage on real estate, executed by the defendant Coppersmith to the plaintiff, to secure the payment of a promissory note of even date made by the former. The note is dated June 23d, 1871, and is for $200 payable in five years, with interest payable annually. The breach of condition alleged is the nonpayment of interest for three years. The complaint contains an averment that the defendants Cormier and *Fisk* "have or claim to have some interest in or lien upon the said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage." It is also alleged that the mortgage was duly recorded in the proper office, July 17th, 1871.

The defendant *Fisk* answered separately, denying "that he has any knowledge or information sufficient to form a belief that any allegation of said complaint is true, except the allegation that this defendant has or claims some interest in or lien upon the so called mortgaged premises." To this answer the plaintiff interposed a demurrer, alleging that it failed to state facts sufficient to constitute a defense or counterclaim ; and he appealed from an order overruling the demurrer.

*L. J. Billings,* for appellant, argued that the defendant is charged by the record with constructive notice of the existence of the mortgage, and can not be permitted to deny all knowl-

edge or information respecting it. *Hathaway v. Baldwin*, 17 Wis., 616; *Dodge v. Silverthorn*, 12 id., 644; *State v. McGarry*, 21 id., 496; *Mills v. Town of Jefferson*, 20 id., 50; *City of Milwaukee v. O'Sullivan*, 25 id., 666; *Edwards v. Lent*, 8 How. Pr., 28; *Lawrence v. Derby*, 24 id., 133; *Fales v. Hicks*, 12 id., 153; *Chapman v. Palmer*, id., 37; *St. Mark's Ins. Co. v. Harris*, 13 id., 95; *Hance v. Rumming*, 2 E. D. Smith, 48; *Ketcham v. Zerega*, 1 id., 553; *Richardson v. Wilton*, 4 Sandf., 708; *People v. McCumber*, 18 N. Y., 315; *Wesson v. Judd*, 1 Abb. Pr., 254. Nor is the answer a denial of the amount due, payment being an affirmative defense, which should be pleaded.

*Norris & Chynoweth*, for respondent:

A demurrer may be interposed to one or more of several causes of action, or defenses, but not to a part or less than an *entire* one. R. S., ch. 125, secs. 6, 13, 15; *Manchester v. Storrs*, 3 How. Pr., 410; *Cobb v. Frazee*, 4 id., 413; *Spellman v. Weider*, 5 id., 5. The denial of one material allegation of the complaint is sufficient to constitute a defense, and if the answer in this case does that, the demurrer cannot be sustained. *Rogers v. Milwaukee*, 13 Wis., 610; *Curtis v. Moore*, 15 id., 134; *Webster v. Tibbits*, 19 id., 438; *Bishop v. Douglass*, 25 id., 696; *Dean v. Borchsenius*, 30 id., 236; *Genesee Mut. Ins. Co. v. Moynihen*, 5 How. Pr., 321. Though insufficient to make an issue upon the execution, delivery and recording of the mortgage, the answer contains a sufficient denial of the allegations of indebtedness thereon, and of the mortgagor's default, as well as of the statement that the respondent's lien is subordinate to the plaintiffs.

LYON, J. On the authority of *Hathaway v. Baldwin*, 17 Wis., 616, it must be held that the answer of the defendant *Fisk*, so far as it relates to the execution, recording and ownership of the mortgage described in the complaint, is insufficient. But a defendant who is a subsequent incumbrancer may litigate the questions as to whether any thing is due on the debt secured by the mortgage, and, if so, how much; and, as a

matter of course, he may deny in his answer that anything is due, or that there is as much due thereon as the plaintiff claims.

The reasons why such subsequent incumbrancer may not deny the execution and recording of the mortgage by denial of knowledge or information thereof sufficient to form a belief, are, that the record is made and kept for the purpose of giving that information; that it is open to all, and constructive notice to all; and that its correctness and authenticity are to be presumed. For these reasons it is held that no person can be heard to plead ignorance of the record so far as it affects his own title or property. But these reasons do not apply to the defense that nothing is due, or that less than the plaintiff claims is due on the mortgage debt. There is no record to show payments thereon, and a subsequent incumbrancer has no constructive notice on the subject. Hence no good reason is perceived why he may not deny the allegations of the complaint in respect to the amount due on the mortgage debt, just as he may deny any other material allegation therein, of which he is not presumed to have knowledge and concerning which he is ignorant, by a denial of knowledge or information thereof sufficient to form a belief. The cases cited by the learned counsel for the appellant in support of the opposite doctrine have been examined, and we think they fail to sustain the position of counsel.

We conclude that the answer of the defendant *Fisk* contains a sufficient denial that there has been any breach of the conditions of the mortgage, and that the demurrer thereto was properly overruled.

*By the Court.*— Order affirmed.

Upon a motion for a rehearing, *L. J. Billings*, for appellant, submitted the following points:

1. The statement in the complaint of the amount due upon the mortgage is only the legal conclusion of the pleader from

the facts stated. An answer denying a legal conclusion merely, is bad. *Hathaway v. Baldwin,* 17 Wis., 616; 2 Wait's Pr., 418; *McKyring v. Bull,* 16 N. Y., 297; *Lienan v. Lincoln,* 2 Duer, 670; *Edson v. Dillaye,* 8 How. Pr., 273; *McMurray v. Gifford,* 5 id., 14. 2. The respondent's answer does not admit that he is a subsequent incumbrancer, but only that he has an interest in the mortgaged property. If he claims as a prior incumbrancer, he is not within the rule stated in the opinion of the court; he does not answer the allegations against him, and plaintiff is not bound to litigate with him the question of paramount title. *Pelton v. Farmin,* 18 Wis., 222. 3. The answer purports to be a *general* denial of the whole complaint (except a specific fact admitted); and it cannot, therefore, be sustained as a *specific* denial of one allegation only, or a partial defense. Tay. Stats., 1439; *Dennison v. Dennison,* 9 How. Pr., 246; 1 Chitty's Pl., 524; 1 Saund., 28, n. 3; *Howk v. Pollard,* 6 Blackf., 108; *Hickley v. Grosjean,* id., 351; *Foster v. Hazen,* 12 Barb., 547; *Root v. Woodruff,* 6 Hill, 418; *Thumb v. Walrath,* 6 How. Pr., 196; *Willis v. Taggard,* id., 433; *Chapman v. Palmer,* 12 id., 37; *Cooper v. Emery,* 1 Wend., 347; *Babb v. Mackey,* 10 Wis., 371; *Fitzsimmons v. City Fire Ins. Co.,* 18 id., 234.

LYON, J. The principal argument of the learned counsel for the appellant in support of his motion for a rehearing is based upon the proposition that an answer is bad which purports to be a defense to the whole cause of action stated in the complaint, but which, in fact, only goes to a part of the cause of action. Hence, it is claimed that the answer of the general denial in this case, in the form in which such denial is made, not being a denial of the averments concerning the execution and recording of the plaintiff's mortgage, is not a good answer to any other material averment in the complaint. One difficulty with the argument is, that the denial that any sum was due on the mortgage at the commencement of the

action, goes to the whole cause of action, and not merely to a part of it, and hence is not within the rule of pleading upon which the counsel relies. The fault in the argument seems to be, that the proper distinction is not made beween a denial of part of a cause of action, and a denial of a portion only of the facts stated in the complaint, the averments denied being essential, however, to the plaintiff's right to recover.

We do not care to enlarge on the subject, and will content ourselves with a statement of the rule applicable to the case. We hold that the general denial puts in issue every material averment in the complaint which may be denied in that man· ner, although there may be other material averments therein not specifically denied, and not reached by the general denial. *Sanford v. McCreedy*, 28 Wis., 103, and *Ewen v. The C. & N. W. R'y Co.*, *vide post*, 613, are illustrations of the application of this rule. It is not perceived that the cases of *Babb v. Mackey*, 10 Wis., 371, and *Fitzsimmons v. City Fire Ins. Co.*, 18 id., 234, conflict with this rule. The question as to the effect of a general denial was not in those cases.

We are of the opinion that the answer admits that the defendant *Fisk* is a subsequent incumbrancer. It admits (or, what is equivalent thereto, it excepts from the general denial) the allegation that *Fisk* has or claims an interest in the mortgaged premises, and does not assert that such interest is prior to the plaintiff's mortgage. We understand this to be an admission of the whole of the allegation, that is, an admission that such interest is subsequent to the mortgage.

*Hathaway v. Baldwin*, 17 Wis., 616, is not in conflict with the views expressed in the former opinion. In that case the court was asked to exercise its discretion, and permit the defendants (who were subsequent incumbrancers) to come in and answer after default. The answer tendered denied (among other things) any knowledge or information sufficient to form a belief as to the truth of the averment in the complaint of the amount due on the mortgage. This seems to have been the

only averment therein which the proposed answer would put in issue. The opinion does not refer to the subject, but this court held, in effect, that the refusal of leave to interpose such answer was not an abuse of discretion. Doubtless, the case was correctly decided.

Counsel for the respondent have, without leave or explanation, forwarded to us a written argument on the motion, in violation of Rule 1 of this court, adopted July 2, 1875. That rule was made to facilitate the performance of the increasing labors of the court, already so great as to require all our time, and it must be obeyed .

*By the Court.* — Motion denied.

RYAN, C. J., took no part in the decision of this cause.