# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## JANUARY TERM, 1881.

---

### TEAL *v.* COLLINS.

CLOUD UPON TITLE—SUIT TO REMOVE—COMPLAINT—REQUISITES OF.

In a suit to remove a cloud upon title, the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, should be stated in the complaint.

APPEAL from Polk. The facts are stated in the opinion.

*A. C. Gibbs and J. L. Collins* for appellant.

All points in this case arise on the complaint; the averments which bear most strongly against the pleader will be taken as true. (*Bell* v. *Brown*, 22 Cal., 671; *Dickinson* v. *Maguire*, 9 Cal., 46; 1 Chitty Pl., 237, 241.)

The complaint avers "that plaintiff is the owner in fee simple of the premises," &c. An estate in fee simple is the entire and absolute interest and property in the land. Hence it follows that no one can have a greater estate. (Willard on Real Estate, 50.)

The complaint shows that plaintiff has a complete remedy at law; that he could maintain ejectment or trespass upon the title set up in his complaint, and therefore courts of equity will not interfere. (*Ewing* v. *City of St. Louis; Kennedy* v. *Kennedy*, 43 Penn., St., 417; *Bean* v. *Coleman*, 43 N. H., 268; *Kimberly* v. *Fox*, 27 Conn., 307.)

*Durham & Thompson,* for respondent.

In the court below the appellant relied . upon and urged the proposition that the complaint stated too much, rather than not enough, to constitute a cause of suit, in that it showed upon its face that appellant's title, as stated, could not be a cloud upon that of the plaintiff, and that therefore a court of equity had no jurisdiction. The rule contended for by appellant has long since been abandoned. (*The Chatauqua Bank* v. *White*, 6 Barb., 605; *Hamilton* v. *Cummins*, 1 John. Ch., 517.)

Whatever may have been the doubts or difficulties formerly entertained on this subject, they seem by the modern decisions to be fairly put at rest, and the jurisdiction is now maintained in the fullest extent. (Story's Eq. Jur., Section 700; Code, Section 500.)

It is sufficient to call into exercise the jurisdiction of the court, that the deed casts a cloud over the title of the plaintiff. As in such case the court will remove the cloud by directing the cancellation of the deed, so it will interfere to prevent a sale, from which a conveyance; creating such a cloud, must result. (*Pixley* v. *Huggins*, 15 Cal., 134.)

By the Court, LORD, C. J.:

This is a suit to quiet title. The complaint alleges that the plaintiff is the owner in fee, and in possession of certain lands therein particularly described, situated in Polk county, Oregon, and their proceeds. "That the defendant claims to be the owner of said premises by a chain of conveyances from the U. S. Government. That said claim of said defendant is wrongful and untrue, and a cloud on plaintiff's title. That plaintiff is the owner in fee of said premises by a good and sufficient chain of conveyances from the U. S. Government, which are prior in their execution and record to the pretended conveyances under which said defendant claims title thereto adverse to the plaintiff."

To this complaint the defendant demurred on the following grounds:

1. That the complaint does not state facts sufficient to constitute a cause of suit.

2. That the complaint does not show that the plaintiff is entitled to any equitable relief.

The circuit court overruled the demurrer, and the defendant appeals to this court.

This suit is brought to quiet title under section 500 of the civil code, which provides that "Any person in possession by himself, or his tenant, may maintain a suit in equity against another, who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest."

This section confers a jurisdiction beyond that ordinarily exercised by courts of equity, to afford relief in quieting title and possession of real property. It recognizes not only a well established principle of equity practice to remove clouds upon title—which courts of equity had exercised long prior to this section—but also provides a remedy where a party out of possession claims an estate or interest adverse to the party in possession, and injurious to his rights, for determining the same. In such case it seems it is sufficient that the party in possession is incommoded or damnified by the assertion of some claim or interest in the property adverse to him. He may not know the nature or ground upon which such adverse claim or interest is asserted—only that such claim to an estate or interest adverse to him is made, whereby the value of his property is depreciated, or its sale injured or prevented. He can then commence his suit, and require the nature and character of such adverse estate or interest to be set forth and judicially determined. But when the suit is brought to remove a cloud upon the title—which is an old and recognized head of equity jurisprudence—the cause of the suit consists in the invalidity of the defendant's claim, which is not apparent on its face.

A cloud upon title is a title, or incumbrance, apparently valid, but, in fact, invalid. (*Bissell* v. *Kellogg*, 60 Barb., 629.)

In such suits it has been held that there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity, ought to be stated. (*Hibernia S. & L.* v. *Ordway*, 38 Cal., 681.)

It is an elementary rule that " every fact essential to the plaintiff's title, to maintain the bill and obtain relief, ought to be stated in the bill, otherwise the defect will be fatal." (Story's Eq. Pl., Sec. 257.)

In declaring the requisites of a complaint to remove cloud upon title under a statute somewhat similar to our own, it is said, in *Wals* v. *Grosvenor* (31 Wis., 684), that " the complaint ought to disclose the nature of the defendant's claim which has a tendency to throw a cloud over the title, and state such facts and circumstances in respect to such claim as show its invalidity, before a court of equity will interfere and direct it to be released and canceled." (*Collart* v. *Fisk*, 38 Wis., 243.)

Before suit is brought to remove a cloud upon the title, the plaintiff ought to know there is one, and in what it consists, and state the facts.

For these reasons we think the complaint is fatally defective in not stating the nature of the defendant's claim, or chain of conveyances, showing in what their invalidity consists. The judgment of the court below is reversed.

Judgment reversed.