## GOLDSMITH *v.* GILLILAND and others.

*(Circuit Court, D. Oregon.* February 13, 1885.)

1. EQUITY JURISDICTION OF THE NATIONAL COURTS—STATE LAWS.

    The equity jurisdiction of the national courts, and the mode of procedure therein, exists independently of state laws, and cannot be limited or restrained by them.

2. RIGHT GIVEN BY STATE LAW.

    A right given by a state law, that is properly the subject of a suit in equity, may be thereby enforced or protected in the national courts.

3. CERTAINTY IN THE DESCRIPTION OF PREMISES IN A BILL.

    One-eighth of an undivided tract of land is not distinguishable from another, and in a suit to determine an adverse claim to three such eighths, there cannot, in the nature of things, be any more certain or definite description of them than that.

4. SUIT TO DETERMINE AN ADVERSE CLAIM TO REAL PROPERTY.

    In a suit to remove a certain cloud on the title to real property, it must appear from the bill that there is such a cloud, and in what it consists; but in a suit brought under section 500 of the Oregon Code of Civil Procedure to determine an adverse claim to such property, whether it casts a cloud thereon or not, it is not necessary to state the nature or circumstances of the defendant's claim, but it is sufficient to allege that the defendant wrongfully makes such claim, and call upon him to set it forth in his answer, and submit its validity to the judgment of the court.

5. PERSON IN POSSESSION MERELY.

    A person in the mere possession of real property cannot maintain a suit to determine an adverse claim thereto, but it must also appear that he is in possession under some claim of right or title.

6. STATEMENT OF PLAINTIFF'S CASE.

    Generally, it is sufficient for the plaintiff in such suit to allege his possession, and the nature of his estate or interest in the premises, together with the source of his right or title; but when, as in many cases, there is reason to believe that the rightfulness of the defendants' claim depends on the validity or effect of some link in the plaintiff's chain of title, it is convenient, and may be necessary, to state the circumstances thereabout fully and in detail, so as to prevent the necessity of future amendments, and to promote the progress and dispatch of the case.

Suit to Determine an Adverse Claim to Real Property.

*James F. Watson,* for defendants.

*James K. Kelly* and *George H. Durham,* for defendants.

DEADY, J. This suit is brought by the plaintiff, a citizen of New York, to have his title to an undivided interest in certain real property, situate in Multnomah county, Oregon, quieted, as against a claim of the defendants, who are citizens of Oregon, that they have an estate or interest therein adverse to him. It appears from the bill that the property in question is the undivided five-eighths of the E. $\frac{1}{2}$ of the Danford Balch donation, numbered 58, and containing 172.96 acres, the same being parts of sections 28, 29, 32, and 33, of township 1 N., and range 1 E. of the Wallamet meridian. It is alleged in the bill that the plaintiff is the owner in fee of said undivided five-eighths, and that he "deraigns his title" thereto "by a good and sufficient chain of mesne conveyances" from "the donation claimants;" that from October 4, 1870, until December 31, 1883, the plaintiff and

his grantors "were seized and possessed of the premises," and "the same were in the open, actual, and notorious possession of the plaintiff, and held by him adversely to all persons;" that the defendants claim an interest in three of said five-eighths adverse to the plaintiff, but, in fact, they have no interest therein, and their claim to that effect "is illegal, wrongful, and unjust and prejudicial to the rights of the plaintiff;" and that the value of said three-eighths is more than $5,000. The plaintiff then asks that the defendants "may be required to set forth the nature of their claim," and that it may be determined by the decree of this court that the defendants have no interest in said three-eighths, and that the title of the plaintiff thereto is valid.

The defendants demur to the bill separately; but the demurrers were argued and submitted as one. Taken together, the causes of demurrer specified therein are these: (1) The three-eighths in which it is alleged the defendants claim an interest are not identified or designated with sufficient certainty; (2) that it does not appear from the bill what claim the defendants make to the property in question, or that the plaintiff is ignorant of the nature of the same, or that the defendants have or claim any writing that constitutes a cloud on the plaintiff's title to any part of the premises. This suit is in the nature of "a bill of peace," and is founded especially on section 500 of the Oregon Code of Civil Procedure, which provides: "Any person in possession, by himself or his tenant, of real property, may maintain a suit in equity against another, who claims an estate or interest therein adverse to him, for the purpose of determining such claim, estate, or interest." The equity jurisprudence of the national courts, and the mode of procedure therein, exists independently of state laws, and cannot be limited or restrained by them, (*U. S.* v. *Howland*, 4 Wheat. 115; *Boyle* v. *Zacharie*, 6 Pet. 658; *Gaines* v. *Relf*, 15 Pet. 14; *Green's Adm'x* v. *Creighton*, 23 How. 105; *Payne* v. *Hook*, 7 Wall. 430;) but when a right that may properly be enforced or maintained by a suit in equity only exists under and by virtue of a law of a state, nevertheless, this court will entertain such suit and furnish the necessary relief, provided the case is otherwise within its jurisdiction.

In *Clark* v. *Smith*, 13 Pet. 195, it was held that the Kentucky act of 1796, after which this section 500 and other like statutes were probably modeled, which authorized any person having both the title and possession of land to maintain a suit in equity against any other person setting up a claim thereto, might be enforced in the proper circuit court of the United States. See, also, to the same effect, *Fitch* v. *Creighton*, 24 How. 159; *Smith* v. *Railway Co.* 99 U. S. 398; and *Ex parte McNiel*, 13 Wall. 236. In this latter case, Mr. Justice SWAYNE, in speaking for the court, says:

"A state law cannot give jurisdiction to any federal court; but that is not the question. A state law may give a substantial right of such a character that where there is no impediment arising from the residence of the parties

the right may be enforced in the proper federal tribunal, whether it be a court of equity, of admiralty, or of common law."

The objection to the bill that it does not indicate with sufficient certainty what three-eighths of the property the defendants claim is not well taken. In this respect it is as certain as the nature of the subject will permit. It is, in effect, that the defendants claim three of the five-eighths belonging to the plaintiff. But these eighths are all, as yet, only undivided portions of the whole. Each extends to every part of the whole, and is in nowise distinguishable from any other until partition is made.

When a suit is brought to remove a certain cloud from the title of the plaintiff, in the nature of things it must be shown in the bill that there is such a cloud before relief can be given against it. In such a case the bill must, in addition to the writing or matter which constitutes the alleged cloud, state the facts which give it apparent validity as well as those which tend to show its actual invalidity. *Teal* v. *Collins*, 9 Or. 91. But, in a suit brought under section 500 aforesaid, the plaintiff is not required to state the nature or circumstances of the defendant's claim, or to deny knowledge thereof, but in this respect he is only bound to allege the making of such claim, and that it is wrongful, and call upon the defendant to set it forth in his answer, and submit its validity to the judgment and determination of the court. And this is so, even if such claim rests on or grows out of a writing which, unexplained, constitutes a cloud on the plaintiff's title. The plaintiff may, in any case, avail himself of the statute; and, after alleging that the defendant claims some interest or estate in the premises in question adverse to him, call upon him to state the nature and circumstances of the same. *Teal* v. *Collins*, 9 Or. 91; *Stark* v. *Starrs*, 6 Wall. 410; *Holland* v. *Challen*, 110 U. S. 25; S. C. 3 Sup. Ct. Rep. 495; *Marot* v. *Germania*, etc., 54 Ind. 39; *Jeffersonville*, etc., *R. Co.* v. *Oyler*, 60 Ind. 392.

This is not only in accordance with the language and purpose of the statute, but it is the natural and orderly mode of proceeding in which each party states his own case. The claim of the defendant should be better known to him than to the plaintiff, and therefore can be better stated by him. Of course, the plaintiff must allege that the defendant claims an interest or estate in the premises adversely to him. This is a part of the plaintiff's case,—the wrong done by the defendant to his right,—but he is not called upon to state the nature or particulars of such claim, even if he knows them. Notwithstanding the statute says that any person "in possession" of real property may maintain a suit to determine an adverse claim thereto, the better opinion is that the mere "naked possession" is not sufficient, but the same must be accompanied by a claim of right or title. *Stark* v. *Starrs*, 6 Wall. 410; *Holland* v. *Challen*, 110 U. S. 25; S. C. 3 Sup. Ct. Rep. 495. And how far, or with what particularity the grounds of this claim of right or title should be set forth by the plaintiff is a question.

In *Stark* v. *Starrs, supra,* Mr. Justice FIELD says: "Such claim or title must be exhibited in the proofs, and perhaps in the pleadings also, before the adverse claimant can be required to produce the evidence upon which he rests his claim of an adverse estate or interest." In *Holland* v. *Challen, supra,* the conveyances showing that the plaintiff claimed title to the premises under a purchaser at a tax sale, appear to have been alleged in the bill. On demurrer to the same, because it did not state the nature or particulars of the defendant's adverse claim to the property, it was held sufficient. In delivering the opinion of the court, Mr. Justice FIELD says:

"Undoubtedly, as a foundation for the relief sought, the plaintiff must show that he has a legal title to the premises, and, generally, that title will be exhibited by conveyances or instruments of record, the construction and effect of which will properly rest with the court. Such, also, will generally be the case with the adverse estates or interests claimed by others."

On the argument an objection was taken to the bill *ore tenus,* that it did not sufficiently state the title of the plaintiff. As has been shown, the plaintiff claims title by a regular chain of conveyances from the donees, of the premises, Balch and wife, under the donation act; and also on the ground of adverse possession from October 4, 1870, to December 31, 1883. Generally, I think it will be found sufficient for the plaintiff to allege his possession and interest, or estate, in the land, as that he is the owner thereof in fee for life or for years; and that he claims the same by a regular chain of conveyances from some recognized and undisputed source of title, as, the United States, or its donee under the donation act of September 27, 1850, without setting out such conveyances or stating them in detail. But when there is reason to believe, as in this case and many others, that the rightfulness of the defendant's claim depends on the validity or legal effect of some link or links in the conveyances under which the plaintiff claims title, it is very convenient, if not necessary, that the statement of the plaintiff's case should contain the facts fully and in detail at that point in the chain of his title where it conflicts with the claim of the defendant. By so doing the necessity of future amendments will be avoided, and the progress and dispatch of the case promoted. Now, it is fair to presume that if the defendant has a regular chain of conveyances from the donees of the United States, and the claim of the defendants is at all worthy of this litigation, that there is an alleged or supposed defect or invalidity at some point in this chain of conveyances, from which it may be claimed that the title, instead of being passed on to the plaintiff, was diverted to the defendants. Every case in this particular must stand on its own circumstances; but, on the whole, I think it best to allow the demurrer on this point; and it is so ordered.