MATHEWS and others, Respondents, vs. PUFALL and wife, Appellants.

*October 28—November 12, 1909.*

*Pleading: Striking out frivolous answer.*

In a foreclosure action the complaint alleged that a note and mortgage were executed by defendants to plaintiffs and that plaintiffs are now the lawful owners and holders thereof. The answer admitted such execution but alleged that defendants "have not sufficient information or knowledge to enable them to form a belief as to whether or not plaintiffs are the lawful owners and holders of the note and mortgage, and therefore deny the same." No fact was stated in the pleadings tending to show that there had been any transfer or change in the ownership of the note and mortgage. *Held,* that the answer was properly stricken out as evasive and frivolous.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action to foreclose a real-estate mortgage executed by the defendants to secure the payment of a promissory note also executed by the defendants to the plaintiffs. Upon plaintiffs' motion to strike out the answer denying sufficient information to form a belief as to plaintiffs' ownership of the note and mortgage as evasive and frivolous, the court ordered it to be stricken out, and in default of an answer ordered judgment on the complaint. This is an appeal from such judgment.

For the appellants there was a brief by *Sanborn, Lamoreux & Pray,* and oral argument by *A. T. Pray.*

For the respondents the cause was submitted on the brief of *Lamoreux, Shea & Cate.*

SIEBECKER, J.    The complaint is in the usual form in foreclosure actions, stating the amount now due and payable, and alleging the fact that the plaintiffs "are now the lawful

owners and holders of the said note and mortgage." The answer admits the execution of the note and mortgage, that no part of the note has been paid, and alleges that the defendants "have not sufficient information or knowledge to enable them to form a belief as to whether or not plaintiffs are the lawful owners and holders of the note and mortgage, and therefore deny the same." Plaintiffs' motion to strike out the answer as frivolous and for judgment was granted. A stay was ordered, but before the expiration of the stay the defendants excepted to the order granting the motion. Thereupon the court entered an order striking out the answer as frivolous and ordering judgment in favor of the plaintiffs.

The facts alleged show that the defendants were informed of all the facts as to plaintiffs' ownership of the note and mortgage at the time of their execution and delivery by defendants to the plaintiffs. The pleadings in the case allege no fact tending to show that there has been any transfer or change of ownership of the note and mortgage. The allegations that the plaintiffs were the original owners and are now the owners and holders of the note and mortgage presumptively show that no change in the ownership of the note and mortgage has taken place since their delivery to the plaintiffs, and their ownership thereof must be assumed to continue. A denial of plaintiff's ownership on insufficient knowledge or information to form a belief cannot be resorted to when the facts alleged in the complaint must of necessity be within the defendants' personal knowledge. If the defendants had alleged, in connection with such a denial, facts tending to show that the defendants were unable to obtain knowledge or information sufficient to form a belief as to whether or not the note and mortgage had been transferred by the plaintiffs before action was commenced, then this form of denial could have been employed by them. But no such facts are alleged by them, and hence they must be held to have personal knowledge of the fact of the ownership of the note and mortgage

which they attempt to deny.    Under this state of the pleadings the court properly struck out this portion of the answer as evasive and frivolous.    Sec. 2681, Stats. (1898) ; *Hathaway v. Baldwin,* 17 Wis. 616; *Milwaukee v. O'Sullivan,* 25 Wis. 666.

*By the Court.*—The judgment appealed from is affirmed.