Goodell vs. Blumer and another.

## GOODELL vs. BLUMER and another.

EQUITY.  *(1) Inherent power to prevent cloud upon title.*

LIEN OF JUDGMENT: HOMESTEAD.  *(2) Effect of docketing judgment between sale and conveyance of land.*  *(3) Sale of homestead by judgment debtor.* *(4) Parol contract for sale of homestead by husband alone, with possession delivered, followed by conveyance in which wife joins: Rights of purchaser as against judgment docketed between sale and conveyance.*

PLEADING.  *(5) When denial of knowledge or information insufficient.*

REVERSAL OF JUDGMENT:  *(6) For irregularity in entering it.*

1. A court of equity, by virtue of its *inherent* power as such, in order to prevent a cloud upon the title to land, will restrain a sale thereof by the sheriff under a judgment against a former owner, which never became a lien upon the land.

2. Where, before a judgment is docketed in a certain county, land of the judgment debtor there situate has been purchased by a third person in good faith, but no conveyance has been executed, the judgment does not become a lien thereon.

3. Under the exemption laws of this state (Tay. Stats., 1550, § 30), a sale and conveyance of his homestead by a judgment debtor does not render it liable to sale on execution.

4. In case of a parol contract of sale of a homestead, in which the wife does not join, where the purchase money is paid and possession given to the purchaser, though a specific performance by the execution of a conveyance could not, probably, be enforced against her, yet, if she subsequently joins in a conveyance pursuant to the contract, the purchaser must be held, as against a judgment creditor of the husband, to have been the equitable owner of the land, between the dates of sale and conveyance.

5. Where a complaint avers the making of a deed, sets it out in *hæc verba*, and states the volume and page of the records where it is recorded, a denial, in the answer, of "sufficient knowledge or information to form a belief" as to these averments, is not sufficient to raise an issue.

6. Action commenced in the circuit court for V. county, relating to lands in that county.  By consent of the parties in open court, an order was entered in the cause at the November term, 1872, of the circuit court for L. county, referring the case to a referee to take the testimony and report it to the circuit judge, and that, after the evidence was all taken, the cause should be tried by the judge at chambers, and judgment entered *as of that term.*  In respect to business of this character, the regular term for L. county was also, at that time, a special term for V. county (which was in the same circuit); but this arrangement was terminated in March, 1873.  The evidence was taken by the referee in November, 1873;

and in January, 1874, by stipulation of counsel, the cause was tried by the circuit judge at chambers; and he filed his findings and conclusions with the clerk of the circuit court for V. county on the 18th of May following, and judgment in accordance with these was entered for the plaintiff on the 16th of June, signed by the clerk, there being no term of said court on either of the days last named. *Held*, that if the judgment had been entered *nunc pro tunc*, as of the November term, 1872, of the L. county circuit court, it would have been a literal compliance with the stipulation; and if it was irregularly entered, the irregularity was favorable to the defendants, or at least did not injuriously affect their substantial rights, and is not ground of reversal on their appeal. R. S., ch. 125, sec. 40. *Hills v. Passage*, 21 Wis., 294, and *Walworth Co. Bank v. F. L. & T. Co.*, 22 id., 231, distinguished.

APPEAL from the Circuit Court for *Vernon* County.

This action was brought in said court, in October, 1871, to set aside a levy upon certain lands alleged to belong to the plaintiff, made by the defendant *Coe*, as sheriff, under an execution upon a judgment in favor of the defendant *Blumer*, against Samuel Stout and C. Stout, and also to restrain the defendants from selling the lands upon the said judgment, on the ground that the sheriff's certificate of sale or deed will be a cloud on plaintiff's title.

At a general term of the circuit court for La Crosse county (which, by the law as it then stood, was also a special term for Vernon county and other counties in the sixth judicial circuit, for the hearing of motions and trial of causes not requiring the intervention of a jury), an order was entered, by consent of the attorneys in open court, that this cause be referred to a referee named in the order, to take the testimony and report the same to the judge of said court; and that the cause might be tried before the judge of said court at his chambers, at such time as counsel might agree upon, or upon ten days' written notice by either of the attorneys, after said evidence should all be taken; and that judgment should be entered *as of that term*.

Ch. 271 of 1873, which took effect on the 29th of March of that year, exempted Vernon county from the provisions of law above stated relating to special terms.

The testimony in the cause was taken by the referee in August, 1873, and his report filed in the circuit court for Vernon county in November of that year. Thereupon it was stipulated by the counsel for the parties, that the action be tried and argued before the judge of said court at his chambers on the 13th of January, 1874. On that day the parties appeared by their respective attorneys, who agreed to submit the case to the judge upon the evidence and their respective briefs, without oral argument. The judge filed his findings of fact and conclusions of law in the circuit court for Vernon county, May 18, 1874.

The facts found were substantially as follows: Prior to and until the 18th of December, 1870, Samuel Stout was the owner of the premises here in dispute, containing less than one-fourth of an acre, and by himself and family occupied the same as a homestead. On the day last named, he sold the premises to Henry Stout and the plaintiff, for $1,000. No writings were made upon the sale, but plaintiff and Henry Stout paid the greater part of the purchase money, and assumed a debt then constituting a lien upon a part of the premises, equal to the remainder of the purchase price; and they entered into possession of the premises by virtue of such sale, and continued in possession until about the middle of February, 1871. Said sale was made in good faith, without intent to injure or defraud any person; and Samuel Stout was to execute a deed when requested. About February 15, 1871, Henry Stout sold his undivided half interest in the premises to the plaintiff, who paid him therefor $500; and it was orally agreed between the plaintiff, Henry Stout and Samuel Stout, that the last-named should convey the entire interest in the property to the plaintiff; and on the 16th of May, 1871, Samuel Stout accordingly conveyed said premises to the plaintiff by warranty deed.* After the sale from Henry Stout to the

* The finding does not state that the wife of Samuel Stout joined in this deed; but the fact so appears from the deed itself as set out in the complaint.
                                                                                REP.

plaintiff, the latter held the exclusive possession of the premises. "There never was an abandonment of said premises by Samuel Stout as his homestead, except by virtue of the sale as aforesaid to plaintiff and Henry Stout." Defendant *Blumer's* judgment against Samuel Stout and C. Stout was docketed in Vernon county, April 28, 1871; and in August following an execution was issued thereon, and levied upon the premises by the sheriff, who threatened to sell said premises upon such execution, as alleged in the complaint.

Upon these facts the judge held that *Blumer's* judgment never became a lien on the premises, and that plaintiff was entitled to the judgment prayed for; and he made an order accordingly.

Defendants filed specific exceptions to the findings and conclusions, and also filed a general exception on the grounds that the complaint did not state a cause of action, and that the judge "had no authority, right or jurisdiction .... to try and determine said action in the manner and at the time it was tried and determined."

On the 16th of June, 1874, a judgment was entered in the circuit court for Vernon county for the relief demanded in the complaint, which was signed by the clerk, and not by the judge of said court. No term of the court for said county was held either on the 18th of May or the 16th of June of that year.

The defendants appealed from the judgment.

For the appellants, a brief was filed by *M. P. Wing* and *G. C. Prentiss*, and the cause was argued orally by *Mr. Wing*. They contended, 1. That if the action could be maintained, it must be under sec. 29, ch. 141, R. S.; and that the complaint was insufficient under that section, because plaintiff's ownership or possession of the property was not properly alleged, nor was the relief there provided for demanded. *Wals v. Grosvenor*, 31 Wis., 681. 2. That the plaintiff's title was sufficiently denied in the answer, by a denial of knowledge or

information sufficient to form a belief. The cases which hold that such a denial on a subject presumably within the party's knowledge is equivalent to an admission, are inapplicable here. Defendants were not parties or privies to the conveyances set up in the complaint, and were not presumed to have any knowledge or information in respect to plaintiff's title or that of his grantors. Such title was therefore in issue; and no proof of it was made at the trial. 3. That if the property in question was the homestead of Samuel Stout, the alleged sale to the plaintiff was void, because the wife of Samuel Stout did not join in it (R. S., ch. 134, sec. 24), and the legal and equitable title was still in Samuel Stout when *Blumer's* judgment was docketed. Samuel Stout and wife having previously abandoned the same as a homestead, the judgment became a lien upon the lot in question. *Jarvais v. Moe*, 38 Wis., 440, and cases there cited; *Upman v. Second Ward Bank*, 15 id., 449. 4. That the circuit judge had no jurisdiction to try and determine the cause when and as it was tried and determined. Under the order made at the November term, 1872 (treating that as a *stipulation*), the judgment could only be entered *as of that term of the La Crosse circuit court;* but three terms of said court had intervened before the decision, and in the meantime ch. 271 of 1873 had taken effect, so that judgment could not have been entered under said order. *Hills v. Passage*, 21 Wis., 294. It is well settled that if the statute requires regular terms to be held for the trial of causes, the court, in the intervals between those terms, is, for the purpose of conducting trials, not a court, and judicial powers cannot be conferred on it by consent of the parties; and any judgment rendered upon a trial had in pursuance of such consent, is void. *Garlick v. Dunn*, 42 Ala., 404; *Galusha v. Butterfield*, 2 Scam., 227; *Hernandez v. James*, 23 La. An., 483; *Norwood v. Kenfield*, 34 Cal., 333, and note to § 121 of Freeman on Judgm., commencing on page 91; *Schauble v. Tietgen*, 31 Wis., 695.

Goodell vs. Blumer and another.

*J. H. Carpenter*, for the respondent:

1. The defendants levied upon the property as property of Samuel Stout; and there is no valid denial in the answer of the conveyance from Samuel Stout and wife to the plaintiff by the deed set out in the complaint. A denial of knowledge, etc., is not enough, where the party is pointed to the record of an instrument in the pleadings. *Hathaway v. Baldwin*, 17 Wis., 616; *Mills v. Jefferson*, 20 id., 50; *Brown v. Gas Light & Coke Co.*, 21 id., 51; *State v. McGarry*, id., 496; *City of Milwaukee v. O'Sullivan*, 25 id., 666. 2. This property was the homestead of Samuel Stout, and not subject to judgment liens. Ch. 137, Laws of 1858 (R. S., p. 798). Besides, the premises were sold to the plaintiff, payment made therefor, and possession given, nearly four months before the judgment was docketed, and there is no proof of fraud in the transaction. 3. Judgments are entered by the clerk upon verdicts, or upon trials by the court, as he is ordered; and they are not of necessity entered in term time. R. S., ch. 132, sec. 19; *Hancock v. Hancock*, 22 N. Y., 568; *Currie v. Cowles*, 7 Rob., 5; *Renouil v. Harris*, 2 Sandf., S. C., 641. 4. It is no valid ground of objection that the cause was tried before the judge, and decided at chambers. This is believed to be the constant practice in all the circuits. It is like the court holding a case under advisement. The court adjourns, and when the judge reaches his conclusion he files his finding, and the clerk enters judgment as therein directed. If the judgment has been entered without a proper order or at an improper time, it is an irregularity, and the remedy is not by appeal, but by motion to set aside. *Ooope v. Bowles*, 18 Abb. Pr., 442; *Pier v. Amory*, 40 Wis., 571; *Salter v. Hilgen*, id., 363. 5. If the sale is permitted, it will create a cloud upon plaintiff's title; and equity will restrain the sale. Story's Eq. Jur., §§ 825, 826; Hilliard on Injunctions, p. 550; High on Injunctions, § 275; *Englund v. Lewis*, 25 Cal., 338; *Martin v. Hewitt*, 44 Ala., 418; *Tucker v. Kenniston*, 47 N.

H., 267; *Hamilton v. Cummings*, 1 Johns. Ch., 517; *Pettit v. Shepherd*, 5 Paige, 493; *Hamilton v. Fond du Lac*, 25 Wis., 490; *Milwaukee Iron Co. v. The Town of Hubbard*, 29 id., 57; *Siegel v. The Supervisors of Outagamie County*, 26 id., 70.

COLE, J.   It is objected by the learned counsel for the defendants below, that the complaint fails to state a cause of action under sec. 29, ch. 141, R. S.   The action is not brought under that provision of the statute, but is founded upon the inherent power of a court of equity to prevent or remove a cloud upon the title to real estate.   It is stated in the complaint that the defendant *Coe*, acting as sheriff, has levied upon the real estate described therein, by virtue of an execution in favor of his codefendant and against Samuel Stout and C. Stout, and that he is proceeding to sell the property to satisfy the execution.   The plaintiff claims that the judgment upon which the execution issued never became a lien on the property, and he seeks to enjoin the sale because the sheriff's certificate or deed will be a cloud on his title.   There can be no doubt that a court of equity will exert its jurisdiction and grant relief in such a case.   And this it will do by virtue of its inherent powers as a court of equity.   *Pier v. The City of Fond du Lac*, 38 Wis., 470; *Hamilton v. The City of Fond du Lac*, 25 id., 490; *Siegel v. The Supervisors of Outagamie Co.*, 26 id., 70; *The Milwaukee Iron Co. v. The Town of Hubbard*, 29 id., 51.   Whether or not the complaint would be sufficient under sec. 29, is therefore a question which does not arise in the case.

We fully concur in the views of the learned circuit judge, that the judgment upon which the execution was issued never became a lien upon the property, for two sufficient reasons: (1.) Because Samuel Stout had parted with all interest in the property before the judgment was docketed in Vernon county; and (2.) Because, up to the time Samuel sold the property,

it was his homestead and exempt from sale on execution. It appears from the evidence that the plaintiff and one Henry Stout purchased the lot of Samuel Stout on the 15th day of December, 1870; paid the consideration, and went into the actual possession of the premises. The *bona fides* of this transaction is in no way impeached, and this was nearly four months before the judgment was docketed in the county. It is true, when the sale was made, no writings were executed; but it was understood that Samuel Stout and wife, in whom was the legal title, should thereafter execute a conveyance. Subsequently, Henry Stout sold his interest in the premises to the plaintiff, and it was agreed by all concerned that the conveyance of the entire interest should be made directly to the plaintiff, which was in fact done by a deed executed and recorded on the 16th of May, 1871. Thus it will be seen that while the legal title remained in Samuel Stout up to that time, yet it is obvious he held it for the benefit of the plaintiff, who was the equitable owner.

But on the other ground it is clear from the testimony that prior to and at the time Samuel Stout sold the lot in December, 1870, he owned and held it as and for a homestead. The evidence is conclusive upon that point. It is suggested by defendant's counsel that he then abandoned the property as a homestead, and the judgment became a lien upon it. The case of *Jarvais v. Moe*, 38 Wis., 440, is relied on to sustain this position. But that case lays down no such doctrine. On the contrary, it distinctly recognizes the principle that one selling his homestead may well be presumed to do so, not for the purpose of abandoning, but for the purpose of changing his home. p. 447. Indeed the statute expressly provides that the owner of a homestead may sell and convey the same, and such sale and conveyance shall not render such homestead liable to a sale on execution. Sec. 30, ch. 134, Tay. Stats. But again it was said the sale made by Samuel Stout in December, 1870, was absolutely void because the wife did not join in it.

Probably a specific performance of the parol contract would not have been enforced against the wife. But she saw fit to carry out the contract, and joined in the conveyance which consummated it. In this way she gave full effect to the agreement, as much as though she had originally joined in the sale.

Another objection was taken, that the deed executed by Samuel Stout and wife to the plaintiff was not proven on the trial. To this it is answered that there was no sufficient denial in the answer of the execution and delivery of the deed, to put the fact in issue. The complaint alleges the making of the deed; sets out the instrument in *hæc verba*, and states the volume and page of the record in the register's office where the conveyance is recorded. The answer traverses each allegation of the complaint not admitted, by averring "that they have not sufficient knowledge or information to form a belief, and therefore deny the same." It seems to us that when a party is pointed to the record of an instrument in the pleadings, he is not permitted to answer that he has no knowledge or information sufficient to form a belief whether there is such an instrument or not. There is a public record which he can consult, and which it was intended he should resort to in order to inform himself upon the subject. *Hathaway v. Baldwin*, 17 Wis., 616; *Mills v. The Town of Jefferson*, 20 id., 50; *Brown v. La Crosse City Gas Light and Coke Co.*, 21 id., 51; *State on complaint of Kennedy v. McGarry*, id., 496; *The City of Milwaukee v. O'Sullivan*, 25 id., 666. The principle of these decisions is, that a party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the fact. We therefore hold that the answer practically admitted the execution of the deed by Samuel Stout and wife to the plaintiff, and that no proof of it was necessary under the pleadings.

The only remaining objection necessary to be noticed is the one relating to the jurisdiction of the circuit judge to try and

determine the cause at the time and in the manner it was tried and determined. It is insisted on the part of the defendants, that the circuit judge had no power or authority thus to try the cause, and that consequently the judgment entered is erroneous if not void. This objection is not free from difficulty; but we are inclined to think, under the circumstances of this case, that it cannot prevail. By the record it appears that on consent of parties given in open court, an order was entered in the cause at the November term of the circuit court for La Crosse county, 1872, referring the cause to a referee to take the testimony and report the same to the circuit judge. The order further provided that the cause might be tried before the circuit judge at chambers at such time as counsel might agree upon, or on ten days' written notice by either party after the evidence was all taken, and *that judgment be entered as of that term.* At this time the regular term of the circuit court for La Crosse county was a special term for the whole circuit for the transaction of any business from any county in the circuit, except the trial of issues of fact by a jury. Ch. 93, P. & L. Laws of 1866. By ch. 271, Laws of 1873, Vernon county was exempted from the provisions of this act. It appears from the finding of the circuit judge, that the counsel stipulated on the 22d of November, 1873, that the action be tried before the said judge at chambers on the 13th of January, 1874, at which last mentioned day the cause, by mutual agreement of counsel, was submitted to the judge upon the evidence and briefs without oral argument. The circuit judge filed his findings of fact and conclusions of law with the clerk of the circuit court of Vernon county, where the action was pending, on the 18th of May, 1874. Judgment in accordance with this finding was entered on the 16th of June thereafter. Now it is said that there was no term of court at this time, and that the judgment was in fact rendered by the clerk and not by the court. But it must be borne in mind that by the original order the parties agreed that the circuit judge might try the

cause at chambers, and that judgment should be entered on his decision as of the November term of La Crosse county, 1872. The subsequent stipulation fixed the time when the cause should be tried by the judge at chambers, but did not profess to do away with the provision in the order for entering judgment on the decision. Of course, the stipulations must be construed together, and, when thus considered, they amount to an express agreement to try the cause before the circuit judge at his chambers, and that judgment should be entered on his findings. If the judgment had been entered *nunc pro tunc* as of the November term for La Crosse county, 1872, the stipulations would have been literally complied with. If it was irregular to enter the judgment on the 16th of June, 1874, it was an irregularity favorable to the defendants, and certainly did not affect their substantial rights. It must therefore be disregarded. Sec. 40, ch. 125, R. S. Nor do we think there is anything in the decisions of *Hills v. Passage*, 21 Wis., 294, and *Walworth County Bank v. Farmers' Loan & Trust Company*, 22 id., 231, which militates against the views above expressed. The reasoning in those cases would sustain a judgment in a case where the parties agreed that the judge at chambers should try the cause and that judgment should be entered on his decision. And we are not reluctant to give effect to such stipulations of parties as far as it can be done without a violation of legal principles. The objection, therefore, taken to the judgment on the ground that the cause was tried by the circuit judge at chambers, and that the judgment was entered upon his finding by the clerk, must be overruled.

These remarks dispose of all the material questions in the case.

*By the Court.* — The judgment of the circuit court is affirmed.