[No. 14669.   Department Two. —December 23, 1893.]

## JAMES MULCAHY, RESPONDENT, v. C. F. BUCKLEY, APPELLANT.

MECHANICS' LIENS—RECORD OF CLAIM—PLEADING—DENIAL FOR WANT OF INFORMATION.—In an action to enforce a mechanic's lien, where the complaint alleges in due form that plaintiff filed and recorded his claim of lien in the recorder's office, and sets out the claim of lien in full in the complaint, an answer denying the allegations thus made for want of information or belief upon the subject sufficient to enable the defendant to answer the allegations made, and placing the denial upon that ground, does not put such allegations in issue, and should be disregarded.

ID.—PRESUMPTION OF KNOWLEDGE—MEANS OF KNOWLEDGE—PUBLIC RECORD.—A defendant is not at liberty to answer any allegation for want of information or belief upon the subject, sufficient to enable him to answer it, when he may be presumed to know, or when he is aware before answering, that he has the means of ascertaining whether or not such allegation is true; and such an answer is improper, where it appears that the defendant knew, before answering, that he could certainly ascertain whether or not plaintiff had recorded his claim of lien, as alleged in the complaint, by examining a public record in the county in which the lots upon which the lien is claimed were situated.

ID.—ALLOWANCE OF COSTS—ATTORNEY'S FEES.—It is not necessary in a complaint to foreclose a mechanic's lien to aver what was paid by plaintiff for filing and recording the claim of lien, or what sum would be a reasonable attorney's fee in the superior and supreme courts; but the right to recover these, like the ordinary right to recover costs, is a necessary incident to the judgment establishing plaintiff's lien, and does not depend upon any averments in the complaint, except such as are necessary to establish the lien.

ID.—FEE FOR PREPARING CLAIM OF LIEN.—The plaintiff is not entitled to recover anything for an attorney's fee paid for preparing his claim of lien, and an averment as to the amount so paid should be stricken from the complaint.

ID.—CONTRACT—PLEADING—INSUFFICIENT DENIALS.—Qualified and copulative denials relating to the contract alleged in the complaint to enforce a lien held insufficient to raise a substantial issue.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*Sullivan & Sullivan,* for Appellant.

The failure of the court to find on the material issues raised by the allegations contained in paragraphs VIII and X of the complaint, and the denials thereof contained in defendant's answer, is clearly error. (*Baggs* v. *Smith,* 53 Cal. 88; *Phipps* v. *Harlan,* 53 Cal. 87; *Cassidy* v. *Cassidy,* 63 Cal. 352; *Mahoney* v. *Braverman,* 54 Cal. 565; *Swift* v. *Canavan,* 52 Cal. 417; *Billings* v. *Everett,* 52 Cal. 661; *People* v. *Fuqua,* 61 Cal. 377; *People* v. *Forbes,* 51 Cal. 628.)    The peculiar form of denial in defendant's answer of the allegations set forth in paragraphs VIII and X of the complaint is authorized by the Code of Civil Procedure.    (Code Civ. Proc., sec. 437. See *Read* v. *Buffum,* 79 Cal. 77; 12 Am. St. Rep. 131.)

*Reddy, Campbell & Metson,* for Respondent.

The attempted denials of paragraphs VIII and X were insufficient, and therefore raised no issue, and there was therefore no necessity for any findings thereon. (*Bulwer Con. Min. Co.* v. *Standard Con. Min. Co.,* 83 Cal. 609; *Johnson* v. *Vance,* 86 Cal. 128; *In re Doyle,* 73 Cal. 570, 571; *Fisher* v. *Slattery,* 75 Cal. 329; *Withers* v. *Jacks,* 79 Cal. 297; 12 Am. St. Rep. 143; *Hanson* v. *Fricker,* 79 Cal. 283; *Knowles* v. *Seale,* 64 Cal. 377; *Drinkhouse* v. *Spring Valley W. W.,* 87 Cal. 253.)    The lien having been properly recorded, the facts were presumptively within the defendant's knowledge, and he could not deny them for want of information or belief, but should have answered positively. (Bliss on Code Pleading, sec. 326; *San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 467; *Thorn* v. *New York Cent. Mills,* 10 How. Pr. 20; *Loveland* v. *Garner,* 74 Cal. 300; *Goodell* v. *Blumer,* 41 Wis. 444; *Hathaway* v. *Baldwin,* 17 Wis. 616; *Union Lumbering Co.* v. *Board of Supervisors,* 47 Wis. 245; *Collart* v. *Fisk,* 38

Wis. 238; *Roblin* v. *Long*, 60 How. Pr. 200; *Hance* v. *Rumming*, 2 E. D. Smith, 49; *Ketcham* v. *Zerega*, 1 E. D. Smith, 553; *Buller* v. *Sidell*, 43 Fed. Rep. 116; *Heatherly* v. *Hadley*, 2 Or. 275.)

VANCLIEF, C.—This is an appeal from a judgment enforcing a mechanic's lien for the value of labor performed and materials furnished in repairing and altering certain buildings and structures on two lots of the defendant situate in the city and county of San Francisco; and comes here on the judgment-roll without any bill of exceptions.

The cause was tried by the court without a jury; and the only points made by appellant are that the court erred in that it failed to find on certain alleged issues.

1. In paragraph VIII of the complaint it is alleged in due form that plaintiff filed and recorded his claim of lien in the recorder's office in the city and county of San Francisco, "in the words and figures following":

[Here follows a copy.]

The only answer to this paragraph of the complaint is that defendant "has no information or belief upon the subject sufficient to enable him to answer the allegations or any allegation contained in paragraph VIII of said complaint, and, placing his denial upon that ground, he denies each and ever allegation in said paragraph contained."

The court disregarded this part of the answer, holding that all the material allegations of the eighth paragraph of the complaint should be deemed admitted; but appellant contends that this answer was sufficient to put in issue every material allegation of the paragraph to which it relates.

I think the court did not err in this respect. Section 437 of the Code of Civil Procedure provides: "If the defendant has no information or belief upon the subject sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground."

But a defendant is not at liberty to answer an allegation in this form, when he may be presumed to know, or when he is aware before answering that he has the means of ascertaining whether or not such allegation is true.   In this case it appears, at least that the defendant knew before answering that he could certainly ascertain whether or not plaintiff had recorded his claim of lien as alleged in the complaint by examining a public record in the city and county in which his lots, upon which the lien is claimed, were situated.   (*Hathaway* v. *Baldwin*, 17 Wis. 616; *Goodell* v. *Blumer*, 41 Wis. 444.)

I am unable, however, to find that the provision of the code above quoted has ever been held inapplicable to a case in which the defendant was merely conscious of having the means of obtaining knowledge as to whether the allegation denied was true; nor have I found anything to the contrary.   The question seems to be open in this state.   The case of *Read* v. *Buffum*, 79 Cal. 77; 12 Am. St. Rep. 131, cited by appellant, is not in point.   In that case the allegation denied for want of information or belief was that of an assignment to plaintiff of the account on which the action was brought, and there is nothing indicating that defendant had any knowledge or means of ascertaining whether the account had been assigned to plaintiff or not; and that the question was not mooted.

The corresponding provision in the codes of other states generally is that a denial of " any knowledge or information" of the allegation controverted, "sufficient to form a belief," without expressly denying it, will raise an issue.   Speaking of these, Mr. Bliss, in his work on Code Pleading, section 326, says: "The obligation to verify the pleading implies an obligation to state the truth; hence the permission to deny any knowledge or information, etc., is not absolute.   If the fact charged is evidently within the defendant's knowledge—as, an act done by himself and within the period of recollection, or where he has the means of information—a denial of information in the language of the

statute would be clearly false or evasive, and such an answer should be disregarded."

In *Goodell* v. *Blumer*, 41 Wis. 444, the complaint alleged the execution and recordation of a deed, and set it out *in hæc verba.* The defendants traversed the allegation by averring " that they have not sufficient knowledge or information to form a belief, and, there- fore, deny the same." The court, by Cole, J., said: " It seems to us that when a party is pointed to the record of an instrument, in the pleadings, he is not permitted to answer that he has no knowledge or information sufficient to form a belief whether there is such an instrument or not. There is a public record which he can consult, and which it was intended he should resort to in order to inform himself upon the subject (citing cases). The principle of these decisions is, that a party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the fact. We therefore hold that the answer practically admitted the execution of the deed of Samuel Stout and wife to the plaintiff, and that no proof of it was neces- sary."

The Practice Act of 1851, of this state, section 46, authorized the traverse of an allegation by denial " of any knowledge thereof sufficient to form a belief;" but this was repealed in 1854, and was not re-enacted until it was incorporated in section 437 of the Code of Civil Procedure, in July, 1874. In speaking of the repeal of this provision of the Practice Act, Mr. Justice Field, in *Curtis* v. *Richards*, 9 Cal. 38, said: " In practice, this mode of denial was found to furnish a convenient pre- text for evading the statute. In some instances defend- ants became critical in their judgments, as to the extent of knowledge sufficient to form a belief, and would with- out hesitation deny, in that form, facts upon the exist- ence of which they did not hesitate to act in other matters. In 1854 the forty-sixth section was amended to the present language, and the wisdom of the amend-

ment is well illustrated by the present case." In the interim between 1854 and 1874 there were but two forms in which the allegations of a verified complaint could have been controverted so as to raise an issue: 1. Positively, when the facts were within the knowledge of the defendant; and 2. Upon information and belief, when the facts were not within his personal knowledge. During that interim, and since, it has been decided that an allegation of a verified complaint could not be controverted on information and belief when the alleged fact was presumably within the knowledge of the defendant, nor when the defendant had the means of ascertaining whether or not it was true. (*San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 467; *Loveland* v. *Garner,* 74 Cal. 298.) In the first of these cases Mr. Justice Field said: " But the statute imposes upon the defendant if a natural person, and if a corporation upon its officers and agents, the duty of acquiring the requisite knowledge or information respecting the matters alleged in the complaint, to enable them to answer in the proper form." Is not the same duty imposed upon a defendant who proposes to deny an allegation on the ground that he has " *no* information or belief? " I think it is, under the circumstances and facts disclosed by the record upon which this appeal is presented. Beyond this it is unnecessary to express an opinion.

2. In paragrah X of the complaint it is alleged that plaintiff had paid, as necessary expenses, $25 for preparing his claim of lien, and $3.25 for recording it; and that $250 would be a reasonable attorney's fee for prosecuting his suit in the superior court.

This paragraph also was denied on the ground that defendant had no information or belief in regard to it; and it is claimed that the court improperly disregarded this denial, and made no finding on the issue raised by it.

As a conclusion of law, the court found that plaintiff was entitled to a lien "for said sum of $691.20, together

with the further sums of $100 attorney's fee and $28.25 for preparing and recording said lien."

Section 1195 of the Code of Civil Procedure provides that in actions to enforce liens of mechanics: "The court must also allow, as a part of the costs, the money paid· for filing and recording the lien, and reasonable attorney's fees in the superior and supreme courts, such costs and attorney's fees to be allowed to each lien claimant whose lien is established," etc.

The averments in the complaint as to what had been paid by plaintiff for filing and recording the claim of lien, and as to what sum would be a reasonable attorney's fee, were unnecessary. The right to recover these, like the ordinary right to recover costs, was a necessary incident to the judgment establishing plaintiff's lien, and did not depend upon any averment in the complaint except such as were necessary to establish the lien. (*Carriere* v. *Minturn*, 5 Cal. 435; *Rapp* v. *Spring Valley Gold Co.*, 74 Cal. 532; *West Coast Lumber Co.* v. *Newkirk*, 80 Cal. 275.) In this last case this court, upon affirming the judgment foreclosing a mechanic's lien, directed the court below "to allow plaintiff, under section 1195 of the Code of Civil Procedure, a reasonable fee for services of its attorney in this court."

As to the averment in the tenth paragraph of the complaint, that plaintiff had paid $25 for *preparing* his claim of lien, I think he was entitled to recover nothing upon it in any event, whether it was denied or not. That averment should have been stricken from the complaint, and probably would have been had defendant moved the court to strike it out. The attorney's fees paid by a party can be recovered from the defeated party only in exceptional cases, of which, it is true, an action to enforce a mechanic's lien is one; but the exception provided for in this class of cases does not extend to fees for services not pertaining to such action "in the superior" or "supreme court." The preparing of a claim of lien to be recorded is no more nearly related to an action to foreclose the lien than is tne draft-

ing of a contract for the performance of the labor upon which such action may be partly founded.

3. It is contended that the court failed to find the contract set forth in the complaint.

It is alleged in the complaint that "plaintiff entered into a contract with said defendant, under and by which said plaintiff agreed to perform the labor and furnish the brick, lumber, lime, cement, hardware, and other materials necessary to repair and alter both of said above-described buildings or structures and premises in the following particulars":

Here follows a minute description of the repairs and alterations to be made, namely: to build a brick wall and fence on the rear line of such lots and a division fence between them; to construct entrances in said brick walls and hang doors thereon; to build stairs on each of said above-described buildings or structures; to repair windows and sinks therein; to build a shed attached to one of the buildings; to put down plank walks and repair sidewalks on each side of said lots; and that defendant agreed to pay plaintiff for all of said work and materials the reasonable value thereof. Also alleged that plaintiff fully performed the contract on his part, and that the reasonable value of the work done and materials furnished was six hundred and ninety-one dollars and twenty cents.

The answer "denies that at any time plaintiff entered into a contract with defendant, under or by which plaintiff agreed *to* perform the labor *and* furnish the brick, lumber, cement, hardware, *and* other materials necessary to alter the buildings or structures *and* premises described in said complaint"; but "admits that plaintiff and defendant did enter into a contract for the performance of the brickwork and the furnishing of the materials for such brickwork required in the alteration and repair of the *premises described in said complaint.* Admits that, pursuant to said contract, said defendant did perform said brickwork and furnish said materials required in the alteration and repair of said premises.

But "denies that *pursuant to said or any contract,* plaintiff performed any work or furnished any materials required in the alteration or repair of said premises, other than said brickwork and said materials required in the performance of the same. Denies that *under or according to the terms of any agreement* between plaintiff and defendant, plaintiff furnished *all* the materials to be used, or which were actually used in the alteration or repair of both or either of the buildings described in said complaint, or performed *all* the labor necessary to complete the same. Denies that the reasonable market value of the labor performed and materials furnished by plaintiff in the alteration and repair of said buildings are or were *the sum of* six hundred and ninety-one dollars and twenty cents. Denies that there is or was due from defendant to plaintiff *the sum* of six hundred and ninety-one dollars and twenty cents, or any greater sum than $—." But does not deny that plaintiff did the work and furnished the materials as alleged in the complaint.

The court found "that plaintiff entered into a contract with defendant under and by the terms of which plaintiff agreed to perform the labor, furnish the brick, lumber, lime, hardware and other materials necessary to repair and alter the buildings situate on the premises in the complaint mentioned. That, in pursuance of said contract and agreement *as in the complaint mentioned and with defendant's knowledge and consent,* plaintiff did perform the labor upon said premises, and did furnish brick, lumber, lime, cement, hardware, and other materials necessary to repair and alter the buildings situated on the premises in the complaint mentioned," . . . . And further found that the value of the labor done and materials furnished, as aforesaid, " is and was the sum of six hundred and ninety-one dollars and twenty cents."

[The italicizing in the above quotation is not in the originals.]

If the whole substance of the agreement alleged in

the complaint was not expressly admitted in the answer, it is obvious that the qualified and copulative denials relating to the contract were insufficient to raise a substantial issue. Besides, I think, the agreement alleged was substantially found.

I think the judgment should be modified by deducting therefrom twenty-five dollars which was allowed for preparing plaintiff's claim of lien, and, as so modified, should be affirmed. Neither party to recover costs of the appeal.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by deducting therefrom twenty-five dollars which was allowed for preparing plaintiff's claim of lien, and, as so modified, is affirmed. Neither party to recover costs of the appeal.

FITZGERALD, J., MCFARLAND, J., DE HAVEN, J.