### KULP v. SNYDER (two cases).

(Circuit Court, E. D. Pennsylvania. June 2, 1899.)

Nos. 1, 2.

1. LIMITATION OF ACTIONS—PLEADING STATUTE.
Under Rev. St. § 4920, the statute of limitations may be pleaded specially in the federal courts, either with or without the general issue, regardless of the state practice.

2. PLEADING—FEDERAL COURTS.
The tendency of the federal courts is to regard with disfavor the interposition of inconsequential points of technical pleading.

On Rule to Strike Off Special Pleas of the Statute of Limitations.

Joshua Matlack, Jr., for plaintiff.
Hood Gilpin, for defendant.

DALLAS, Circuit Judge. The special plea of the statute of limitations is prohibited in any action ex delicto by the procedure act of Pennsylvania of May 25, 1887. But this act is not to be applied by this court to cases where congress has legislated, and upon the subject of pleadings congress has legislated in section 4920 of the Revised Statutes, under which it seems that defenses other than those there enumerated may be pleaded specially, with as well as without the general issue. See notes to Rob. Pat. § 992. Moreover, the question sought to be raised does not appear to be of any practical importance. If the defendant is entitled to the benefit of the statute, and if, upon the whole evidence, it shall appear that the plaintiff has a valid cause of action which accrued within six years, he will be entitled to recover; otherwise, he will not be. This can readily be determined as a single issue upon a single trial, and the tendency of the courts at this day is to regard with disfavor the interposition of inconsequential points of technical pleading. The plaintiff's rule to strike off the defendant's pleas, etc., is discharged.