## UNITED STATES OF AMERICA *v.* WALTER C. PEACOCK.

### DECIDED: DECEMBER 24, 1902.

1. Where the allegations of the petition relate to matters peculiarly within the knowledge of the defendant, he cannot deny the same upon the ground of lack of information or belief upon the subject; and if he does so, such denials will be stricken out of the answer on motion.
2. This Court has jurisdiction to entertain a motion to strike out parts of an answer.
3. A defendant cannot in his answer deny knowledge of his own acts; on the contrary he is presumed to know what he does. .
4. In a proceeding brought by the Government of the United States under Sections 4142, 4143, of the R. S. U. S., to recover the value of a certain vessel, where the allegations of the petition show that the said vessel was unlawfully registered by the defendant under the laws of the United States, in that he took oath before the Special Deputy Collector of Customs at the port of Honolulu for the District of Hawaii that he was a citizen of the United States at the time of the application for the American registry; that he was the sole owner of said vessel, and that no citizen or subject of a foreign power was interested in the same, when in truth and in fact he was not the sole owner of said vessel, and was not a citizen of the United States at the time of making said application; where the answer filed to said petition by the defendant de-

nied that at the time of making said oath that it was within his knowledge, "although it was within his supposition," that he was not a citizen of the United States; and as to whether or not he took the oath mentioned in the petition, he had no information or belief upon the subject sufficient to enable him to answer the averment, and therefore, and upon that ground, denies that he took the oath in the petition averred; and where the answer alleged further that the legal interest in said vessel was only temporarily in the defendant, the beneficial interest being in an American corporation at the time of the application for an American register, and that defendant believed the said application to be a purely formal affair, and signed the papers submitted to him without reading them, having no knowledge that the said documents signed before the Special Deputy Collector of Customs represented the defendant to be a citizen of the United States, or that no subject or citizen of any foreign power was interested in the said vessel; upon a motion to strike out all of said parts of said answer, *Held:* That the same should be stricken out as sham, evasive, irrelevant and immaterial. That every man is presumed to know of what country he is a citizen, and he cannot rest a denial to a material fact upon the ground that he did not know of what nation he was a citizen.

PROCEEDING UNDER SECTIONS 4142 AND 4143, R. S. U. S.

*Motion to strike out parts of answer.*

*Robert W. Breckons,* U. S. District Attorney, for plaintiff.
*Fitch & Highton,* for defendant.

ESTEE, J. I venture to submit my opinion as to this motion in writing, because my present views may largely control my future action, at the trial of the case, and because this is a case of unusual importance.

This is a motion to strike out parts of the answer filed herein.

This action is brought by the United States against the defendant for the condemnation of that certain vessel known as the "Julia E. Whalen" and the petition alleges among other things, that on the 2nd day of July, 1902, in order to secure the registry of said vessel under the laws of the United States, defendant did take an oath at the port of Honolulu, in the District and Territory of Hawaii, before one R. C. Stackable, Special Deputy Collector of Customs in and for the District and Terri-

tory of Hawaii, the said R. C. Stackable being then and there an officer authorized to make such registry. That in said oath so taken the said Walter C. Peacock did swear, among other things, that he was a citizen of the United States of America. That when he made such oath he was not a citizen of the United States, which said fact was within his knowledge.

That the said Walter C. Peacock, when he made said oath, also made oath that he was the sole owner of said vessel, and that no subject or citizen of a foreign power was interested in said vessel, which was not true. That the value of said vessel was twenty-five hundred (2500) dollars.

That defendant afterwards, on the 6th day of December, 1902, filed an answer to said petition or complaint, and plaintiff moves to strike out parts of the said answer, in which defendant:

First: "Denies that at the time of taking the oath in said petition averred, if in fact taken by him, it was within the knowledge of the said defendant, although it was within his supposition, that in truth or fact he was not a citizen of the United States of America, or that he was a subject or a citizen of a foreign power, and as to whether in fact or in law he took the oath in said petition mentioned, this defendant has no information or belief upon the subject sufficient to enable him to answer the averment of said petition on that behalf, and therefore placing his denial on that ground, he denies that he took the oath in said petition averred."

This is clearly a sham and evasive answer and it is ordered that the above portion of said answer be stricken out.

And defendant further avers:

Second: "As to whether this defendant, at the time averred in said petition, was not a citizen of the United States but a subject and citizen of a foreign power, this defendant has no information or belief sufficient to enable him to answer the averments of said petition on that behalf; therefore, placing his denials on that ground, he denies said averments and each of them."

Every man is presumed to know what country he is a citizen

of, and he cannot rest a material denial on the ground that he does not know that fact. Let the second denial be stricken out.

Third: "Denies that at the time of the taking of the oath aforesaid, if in fact he took the said oath, he, the said defendant, knew, although he supposed himself to be a subject or a citizen of a foreign power, and denies that within the knowledge of this defendant, in truth or in fact, the statement of this defendant in the said oath, if there contained, that no subject or citizen of a foreign power was interested in said vessel, was not true."

The third and next above denial is sham and evasive and is no denial. Defendant must know what he did and he cannot on oath deny what "he supposed to be true," when he had an opportunity to know the truth thereof. The third allegation of the answer is therefore stricken out.

Plaintiff also moves to strike out that part of the fifth denial commencing at line 13, page 3, and striking out all of the balance of that page, and 3 lines on page 4, ending with the word identical. The whole of the fifth allegation thus stricken out reads as follows:

Fifth: "And the defendant, as a separate and distinct answer to the said petition, herein incorporates each and every his denials aforesaid, and prays that the same may be deemed and taken to be herein incorporated and set forth, and further avers:

"That at the times, or any of them, in the said petition averred, this defendant, individually, had no interest whatever in the said vessel, the 'Julia E. Whalen,' except that the legal title to the said vessel stood temporarily in his name, while the beneficial interest therein was in the Marcus Island Guano Company, a corporation duly organized, existing and doing business under and by virtue of the laws of the Territory of Arizona, United States of America, that the said 'Julia E. Whalen' was purchased by this defendant for said corporation at San Francisco, State of California, and that at the city of Honolulu, Island of Oahu, Territory of Hawaii, aforesaid, and

on or about July 2nd, A. D. 1902, this defendant was informed and instructed that it was expedient to take out a register for the said vessel, under the laws of the United States, that he applied for said register on or about the date aforesaid, and being then and there under the belief that the proceedings in reference thereto were purely formal, and having no knowledge of the laws of the United States in that behalf, and having no interest in said vessel, except as aforesaid, signed a paper submitted to him for that purpose, at the office of R. C. Stackable, Special Deputy Collector of Customs for the District and Territory of Hawaii, but then and there did not read and had no knowledge of the contents of said paper, but supposed and believed the said paper to be purely formal, and then and there had no knowledge or belief, if such be the facts, that the said paper represented this defendant to be a citizen of the United States, or that no subject or citizen of any foreign power, either directly or indirectly, by way of trust or confidence or otherwise, was interested in the said vessel or in the profits or issues thereof, and that the said paper may be the oath mentioned and averred in said petition; but as to whether it is or no, or of the actual contents of said paper this defendant has no knowledge, although he is informed and believes that the said paper and the oath so averred in said petition are identical."

This is not a denial of any probative fact in the case and this part of defendant's answer is also stricken out. All of the allegations in the above part of defendant's answer, if allowed to remain, would be trifling with public justice and would create false issues to be tried in said cause. Defendant alleges he supposed and believed the affidavit signed by him was purely formal. What does this mean? Can a formal affidavit be anything but a truthful affidavit? Let the whole of subdivision five, commencing with the word "and" on line 13, page 3, be stricken out on the ground that it is sham, irrelevant and immaterial.

It has been held that:

"If the defendant has no information or belief upon a subject sufficient to enable him to answer any allegation of the

complaint, he may so state in his answer, and place his denial on that ground." *Mulcahy v. Buckley,* 100 Cal. 484.

"But a defendant is not at liberty to answer an allegation in this form, when he may be presumed to know, or when he is aware before answering that he has the means of ascertaining whether or not such allegation is true." (*Mulcahy v. Buckley,* 100 Cal. p. 484; *Hathaway v. Baldwin,* 17 Wis. 635; *Goodell v. Blumer et al.,* 41 Wis. 436.)

A person cannot truthfully deny his nationality for no one is presumed to be a man without a country, and it is against common reason to assume that a rational man does not know his nationality. (*Mulcahy v. Buckley,* 100 Cal. 484; *Zivi v. Einstein,* 20 N. Y. Supp. 893; *Union Lumbering Co. v. Bd. of Supervisors Chippewa Co.,* 47 Wis. 246.)

Nor can a defendant deny knowledge of his own acts; on the contrary, he is presumed to know what he does. Defendant's answer that he did not know that he made an affidavit is too absurd for serious consideration. *Brown v. Lacrosse City Gas L. & C. Co.,* 21 Wis. 51; *Humphreys v. McCall,* 70 American Dec. 621; *Starbuck v. Dunklee,* 88 American Decisions, 68; 10 Minn. 168.

The denial of facts presumptively within defendant's knowledge must be in positive form. *Humphreys v. McCall,* 70 Am. Dec. 621.

At common law "no facts could be alleged on information and belief." See note to *Humphreys v. McCall,* supra.

So the allegation that he does not know the law cannot afford any defense. It has been held that false pleading is an abuse of justice. *Smith v. Webb,* 5 Blackf. Ind 288; *Allen v. Wheeler,* 21 N. J. L. 93.

So facts clearly within the knowledge of defendant cannot be denied on information or belief by him. See *Mullally v. Townsend,* 119 Cal. 47; *Mulcahy v. Buckley,* 100 Cal. 484; *Smalley v. Isaacson,* 40 Minn. 450.

To constitute a good denial, it must be certain and definite and must raise some issuable fact in the case which is material.

*Pomeroy Code Remedies,* Sec. 613; *Verzan v. McGregor,* 23 Cal. 339. So it has been held that no evasive answer is allowable. *Verzan v. McGregor,* supra; *Kulp v. Snyder,* 94 Fed. 613.

It is the duty of courts to control the pleadings in each case, so that justice may be done to all parties, and so that all the real issues between the litigants may be raised, tried and settled. Thus no sham, evasive or improper pleading is allowed.

At page 813 of Volume I of the Encyclopedia of Pleading and Practice, it is said that:

"A defendant cannot deny knowledge of his own acts, nor can he deny knowledge of allegations which include a personal transaction with him. In such cases a positive answer is required." See *Lewis v. Acker,* 11 How. Prac. (N. Y. Supreme Court), 163; *Sherman v. Boehm,* 13 Daly (N. Y.), 42; *Knox v. Galligan,* 21 Wis. 470; *Lawrence v. Derby,* 15 Abb. Prac. (N. Y.), 346.

Nor can a party plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to secure positive knowledge of the facts. *Union Lumbering Co. v. Bd. of Supervisors of Chippewa County,* 47 Wis. 246; *Goodell v. Blumer,* 41 Wis. 436; *Mulcahy v. Buckley,* 100 Cal. 484.

In this case it would be against common reason for defendant not to know whether he was an American citizen or an Englishman; or whether he made this affidavit or not.

The question then arises, are the allegations of the answer necessarily within the personal knowledge of defendant? If so, defendant's answer being sworn to, must tell the truth, and he must know what is the truth.

To repeat, I think defendant in the above case must have known whether he was a citizen of the United States or of some foreign power; and if of a foreign power, what one, for every one is presumed to know his nationality, his name, age and race, and all men are presumed to know what they have recently done, like the making of this affidavit.

This action is brought under Sections 4142 and 4143 of the Revised Statutes of the United States.  Section 4142 of the Revised Statutes of the United States prescribes, among other things, that:

"In order to secure the registry of any vessel an oath shall be taken and subscribed by the owner or by one of the owners thereof, before the officer authorized to make such registry, declaring, according to the best of the knowledge and belief of the person so swearing, the name of such vessel, her burden, the place where she was built, if built within the United States, and the year in which she was built, or that she has been captured in war, specifying the time, by a citizen of the United States, and lawfully condemned as a prize  *  *  *  and declaring his name and place of abode, and if he be the sole owner of the vessel, that such is the case, or if there be another owner, that there is such other owner, specifying his name and place of abode, and that he is a citizen of the United States, and specifying the proportion belonging to each owner, and where an owner resides in a foreign country  *  *  *  that the person so swearing is a citizen of the United States, and that there is no subject or citizen of any foreign province or state directly or indirectly, by way of trust, confidence or otherwise, interested in such vessel.  *  *  *"

Section 4143 of the Revised Statutes of the United States prescribes, that:

"If any of the matters of fact alleged in the oath taken by an owner to obtain the registry of any vessel, which within the knowledge of the party so swearing are not true ,there shall be a forfeiture of the vessel, together with her tackle, apparel and furniture, in respect to which the oath shall have been made, or of the value thereof to be recovered, with the costs of suit, of the person by whom the oath was made."

The importance of defendant's evasive answer will thus be observed.

The counsel for defendant claim there is no law governing a United States Court, authorizing a motion to strike out in any case.  This does not seem to be true, for it would be

a denial of justice not to strike out parts of an answer like this, or in all similar instances.

It is held in *Montgomery v. Northern Pacific R. Co.*, Vol. 67, Fed. Rep. 445, that: "Objections to several parts of a complaint or answer constituting a single cause of action or defense must be taken by motion to strike out and not by demurrer;" that case is analogous to the one at bar. See also, *Taber v. Commercial National Bank, etc.*, 62 Fed. Rep. 383, and *Buller v. Sidell*, 43 Fed. Rep. 116.

Counsel for defendant submitted a large number of authorities for the consideration of the court, and while most of them prescribe that when the facts are not known to the pleader, he could make denial on his information and belief, yet none of them held that when the allegations or denials of the answer related to matters peculiarly within the pleader's knowledge, as in this case, he could also make denial on information and belief.

. By Secs. 4133 and 4134 of U. S. Revised Statutes, it is prescribed how an American vessel can be registered, and Secs. 4137 and 4138 of the Revised Statutes of the United States prescribe how a vessel belonging to a corporation may be registered; also that sales of vessels must be recorded with customs officers. So Sections 4192 and 4193, Revised Statutes of the United States, provide that no sale of a ship shall be valid unless recorded, and so the record furnishes notice of the ownership.

. So it is provided by Sec. 4131, Revised Statutes, that no vessel shall be deemed a vessel of the United States, unless duly registered, and such vessel must be wholly owned by citizens of the United States, and the officers of all vessels of the United States shall be citizens of the United States. So by Sec. 4133 of the Revised Statutes of the United States, before referred to, it is prescribed: "No vessel shall be entitled to be registered or, if registered, to the benefits of registry, if owned in whole or in part, by any citizen of the United States who usually resides in a foreign country, during the continuance of such residence, unless such citizen be a consul of the United States, or an agent for and a partner in some house of trade or co-

partnership, consisting of citizens of the United States actually carrying on trade within the United States."

In this case the question of the citizenship of the owner of this vessel sought to be condemned, largely controls the matter involved.

It has long been the law and the policy of this government to register all American vessels engaged in the foreign trade. This is alike important to American seamen and American commerce. The record of all American vessels is thus found in the customs departments of the nation, and the record primarily shows the ownership of all such vessels. The law makes this record *prima facie* correct, and no collateral attack can be made against such presumption.

The register of American vessels is an accommodation to the ship owner and the sailors. It authorizes the use of the American flag and the protection of American law, and in doing this, our government exercises its sovereignty.

It never knowingly registers a foreign vessel as an American ship, nor does it permit a foreign ship to sail under the American flag. American sovereignty on the land and on the sea means something, and no American or foreigner has ever hitherto been permitted to trifle with the rights of American citizenship. It is too fallacious to bear repeating, that this defendant did not know what nation he was a citizen of; lisping American children know that, and as a rule they are proud of that citizenship. The order of the court is for the parts of defendant's answer referred to above to be stricken out, and that defendant have five days to make and file an amended answer.

Note: Affirmed on appeal by C. C. A., October 5, 1903, not yet reported.