In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, Third Department. May 5, 1909.)

1. PLEADING (§ 121*)—DENIAL—ISSUES.

A denial of knowledge or information sufficient to form a belief as to the truth of allegations of a complaint is permitted only out of necessity to meet rare cases, where defendant is honestly without any knowledge or information of the allegations of the complaint sufficient to form a belief; but, where the facts alleged in the complaint are presumptively within defendant's knowledge or where he has knowledge or information at hand, such form of denial raises no issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 247; Dec. Dig. § 121.*]

2. PLEADING (§ 121*)—DENIAL—ISSUES.

An answer to the petition of the State Commissioner of Excise for an order canceling the liquor certificate issued to defendant which denies any knowledge or information sufficient to form a belief as to whether the petitioner is a citizen, or that he is the duly appointed, qualified, and acting state commissioner of excise, is insufficient to deny the allegation of the petition that the petitioner is a citizen and the duly appointed, qualified and acting Commissioner of Excise.

[Ed. Note.—For other cases, see Pleading. Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

3. EVIDENCE (§ 4*)—JUDICIAL NOTICE—MATTERS OF COMMON KNOWLEDGE.

Facts of universal notoriety need not be proved, but the courts will take judicial notice thereof.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 4.*]

4. EVIDENCE (§ 44*)—JUDICIAL NOTICE—OFFICERS.

Courts judicially know the various officers of the state whether appointed by the Governor or elected by the people, and will take judicial notice as to who is the State Commissioner of Excise.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 66; Dec. Dig. § 44.*]

Appeal from Rensselaer County County Court.

Petition of Maynard N. Clement, as State Commissioner of Excise, for an order revoking a liquor certificate issued to Charles B. Hunt. From an order dismissing the proceeding, the petitioner appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and CHESTER, COCHRANE, KELLOGG, and SEWELL, JJ.

Russel Headley, for appellant.
John B. Holmes, for respondent.

SEWELL, J. The application was made under subdivision 2 of section 28 of the liquor tax law (chapter 112, p. 45, Laws 1896, as amended by Laws 1906, p. 574, c. 272), to revoke and cancel a certificate upon the ground that material statements in the application of the holder of the certificate were false.

The petitioner alleged "that your petitioner is a citizen of the state of New York, and the duly appointed, qualified, and acting Commissioner of Excise of the state of New York," and the other facts upon which the application was based. The respondent interposed an answer to the petition, in which he denied, among other things, that he had knowledge or information sufficient to form a belief as to whether the petitioner is a citizen of the state of New York or that he is the duly appointed, qualified, or acting State Commissioner of Excise of the state of New York. There was no attempt upon the trial to prove that the petitioner was the State Commissioner of Excise, and at the close of the evidence the proceeding was dismissed, on the ground that the petitioner was bound to show that he was the State Commissioner of Excise.

One of the questions presented by this appeal is whether the denial of knowledge or information sufficient to form a belief as to the official character of the petitioner was sufficient to put the petitioner to the proof of his appointment. The effect to be given to a denial in an answer like the present was discussed in Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151, where Mr. Justice Gaynor said this form of denial "is permitted only out of necessity to meet certain rare cases where the defendant is honestly without any knowledge or information of allegations of the complaint sufficient to form a belief of them, does not know whether they were true or false, and is therefore unable to positively deny them. * * * If the facts alleged in the complaint which are denied by this form of denial are presumptively within the defendant's knowledge as would be the case of transactions with him personally, for instance, he cannot use such form of denial. * * * Nor may this form of denial be used in a case of intentional ignorance of the defendant, when it is his duty, as here, to know or learn the facts, and they are at hand and accessible. * * * Having such knowledge or information at hand, he cannot be permitted to deny that he has it, for he has it, but only shuts his eyes to it. And hence in such a case a party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the facts"—and cited McLean v. Julien Electric Co., 28 Abb. N. C. 249, 19 N. Y. Supp. 906; Zivi v. Einstein, 1 Misc. Rep. 212, 20 N. Y. Supp. 893, 894; Morgan & Co. v. Quo Vadis Amusement Co., 45 Misc. Rep. 130, 91 N. Y. Supp. 882; Goodell v. Blumer, 41 Wis. 436; Mucahy v. Buckley, 100 Cal. 484, 35 Pac. 144. Tested by this rule,

the denial in this case was not such as to call for proof of the official character of the petitioner, and should have been disregarded at this trial.

Irrespective of the question whether the denial created an issue, the petitioner was not bound to introduce affirmative proof that he was Commissioner of Excise. Facts of universal notoriety need not be proved. Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200. Courts must be allowed to know what is known by all persons in common. Wynehamer v. People, 13 N. Y. 378. Courts will take notice of the fact that diamond stack and straight stack spark arresters are in very general use upon the railroads of the country (Frace v. N. Y., L. E. & W. R. R., 143 N. Y. 182, 38 N. E. 102); of matters of public history, such as the existence of the late Civil War and the particular acts which led to it (Swinnerton v. Columbian Ins. Co., 37 N. Y. 174, 93 Am. Dec. 560); of the existence of the taxing branch of the government, state and municipal, and that officers exercising the various functions of levying a tax and performing the duties of a taxing officer under the statute are at least de facto officers for such purpose, and give force and effect to their acts in like manner as they do to the acts of other public officers (City of New York v. Vanderveer, 91 App. Div. 303, 86 N. Y. Supp. 659); and of the population of counties and of their public officers (Farley v. McConnell, 7 Lans. 428, affirmed 52 N. Y. 630).

Upon the same principle courts will judicially know the various officers of the state, whether appointed by the Governor or elected by the people. I think the trial court might have taken judicial notice that the petitioner is the State Commissioner of Excise, and that, being so, the order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.